RELIANCE MFG. CO. v. GRAHAM.

(Division B. March 7, 1938. Suggestion of Error Overruled April 18, 1938.)

[179 So. 341. No. 33064.]

550

R. D. Ford and Rawls & Hathorn, all of columbia, for appellant.

Conner & Hammond and T. B. Davis, all of Columbia, for appellee.

556

Argued orally by **C. V. Hathorn,** for appellant and by **T. B. Davis** and **Kelly J. Hammond** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action in the circuit court of Marion county against appellant to recover damages for an alleged slander uttered by Joseph Detman, appel-

lant's superintendent and general manager. There was a verdict and judgment in the sum of $8,000, from which appellant prosecutes this appeal.

Appellant is a garment manufacturing company employing something like 700 women, among the employees were appellee, Mrs. Hargrove, and Mrs. Warren; the foreman of the floor on which they were engaged about their work was one Warren. There was ill feeling between Mrs. Hargrove and Mrs. Warren. The evidence tended to show that Mrs. Hargrove had threatened to stab Mrs. Warren with a pair of scissors, and that in some way appellee was connected with this trouble. Detman, for appellant, was investigating this matter and had before him appellee, Mrs. Hargrove, and Warren, the foreman. Mrs. Hargrove had already been discharged by Detman. Appellee and Mrs. Hargrove both testified that Detman turned to appellee and made this statement: "It has been reported to me by half a dozen people or more that you have been stealing. We are not going to have anything like that going on here; you are a dangerous character and a thief; you are fired," to which appellee replied: "So, I am fired for stealing, am I," and Detman said, "Yes." Detman and Warren both testified that no such statement was made by Detman, that he neither charged appellee with being a thief directly or indirectly, nor did he discharge her; on the contrary, that she quit her job voluntarily. Detman testified further that he knew nothing detrimental to appellee's character, and, on the contrary, that "to this day we can give her a clear cut recommendation on that score" (stealing).

Appellant contends that the court erred in refusing its request for a directed verdict upon the ground that the occasion on which the language in question was spoken was qualifiedly privileged and no actual malice was proven, and that the burden of proving such malice was upon appellee. It is true that the occasion was quali-

fiedly privileged, and that the burden of proving malice was upon appellee, Louisiana Oil Corporation v. Renno, 173 Miss. 609, 157 So. 705; Gardner v. Standard Oil Co., Miss., 175 So. 203; Missouri Pacific Transportation Co. v. Beard, Miss., 176 So. 156; however, that burden was fully met not only by the surrounding facts and circumstances, but by the positive testimony of Detman himself, who admitted that there was no ground for any such charge against appellee, after denying that he made the statement. It follows, therefore, that if he used the language, as the jury found he did, it was without foundation and malicious, Louisiana Oil Corporation v. Renno, supra. Furthermore, the fact that the language was uttered in the presence of Warren and Mrs. Hargrove, who had no connection with the charge, was an unnecessary publication tending to show malice.

In some of the instructions given the appellee, the slanderous language was used, including the clause: "You are fired." Appellant argues that these instructions were erroneous because they conveyed the idea to the jury that being discharged was an element of damages. The contention is without merit. Taking all the instructions together, the jury were informed in unmistakable language that the ground of the action was the charge that the appellee was a thief and not that she had been discharged. The jury could not have been confused in this respect.

Appellant complains of the giving of other instructions for appellee and the refusal of certain instructions requested by it. We have carefully considered these alleged errors and find them without any substantial foundation. If errors there were, they were harmless. We do not set out and discuss the given and refused instructions complained of because we are of the opinion that to do so would be of little or no benefit as a precedent to the bench and bar.

One of the grounds of the motion for a new trial was

that the verdict was excessive. Appellee is forty-six years old, is married and has two children. As stated, the verdict was for $8,000. The evidence tended to show that appellee had a good reputation for honesty and integrity both before and after the alleged slander. As above stated, appellant's superintendent Detman so testified. It therefore appears that appellee's good reputation was not entirely destroyed by the alleged slander. There is a considerable difference between the amount of damages a person is entitled to recover for a slander that is not effective in destroying his reputation for good character and one that does seriously and permanently injure or destroy such reputation. New Orleans Railroad Co. v. Frazer, 158 Miss. 407, 130 So. 493. In that case the judgment was reduced from $7,500 to $3,750. We are of the opinion that this case comes within the principles laid down in that case covering the award of damages. We think the record in this case demonstrates that the jury in awarding damages treated appellee's good reputation as having been completely destroyed. We think the verdict is manifestly excessive—that $5,000 would have been an ample award. Unless appellee enters a remittitur to the extent of $3000, the judgment will be reversed and the cause remanded for trial on the issue of damages alone, otherwise affirmed.

Affirmed with remittitur.