264 So.2d 404 (1972)
BILOXI ELECTRIC CO., Inc., et al.
v.
O.L. THORN.
No. 46681.
Supreme Court of Mississippi.
June 19, 1972.
Megehee & Brown, Pascagoula, for appellants.
Hurlbert & O'Barr, Biloxi, for appellee.
JONES, Justice:
The Circuit Court of Jackson County became the first on our record to apply an additur as authorized by Section 1686.5, Mississippi Code 1942 Annotated (Supp. 1971), reading as follows:
The Supreme Court or any other court of record in a case in which money damages were awarded may overrule a motion for new trial or affirm on direct or cross appeal, upon condition of an additur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of *405 the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence. If such additur or remittitur be not accepted then the court may direct a new trial on damages only. (Emphasis added).
It is provided that the section applies in two situations, viz: (1) If the court finds that the jury (or trier of fact) was influenced by bias, prejudice, or passion; or (2) If damages awarded were contrary to the overwhelming weight of credible evidence.
This case involved a personal injury. The jury's verdict was $6,500. The court on motion, acting under the statute aforesaid, provided that a new trial would be granted on amount of damages alone, unless an additur of $6,000 (making the judgment $12,500) was accepted.
The lower court, in its order, found:
(1) That the verdict was inadequate;
(2) That it was influenced by bias, prejudice or passion on the part of the jury; and
(3) That the verdict was contrary to the overwhelming weight of the credible evidence.
The power of additur is new to the courts of our State, but the theory and the practice of remittitur have been a part of our jurisprudence for many years. The legal principles involved with additur are the same as those involved with remittitur. In 22 Am.Jur.2d Damages section 398, p. 533 (1965), it is stated:
Although formerly inadequacy of damages was not a ground for new trial or reversal, it is now generally recognized, in the absence of a statute to the contrary, that a verdict may be set aside on this ground either on appeal or by the trial court on motion for a new trial, under circumstances similar to those which justify the setting aside of an excessive verdict. The matter of setting the verdict aside in such cases usually rests primarily in the discretion of the trial court, and its action in granting or refusing to grant a new trial on the ground of inadequacy will not be disturbed on appeal unless an abuse of discretion is shown.
In 22 Am.Jur.2d Damages section 399, pp. 534-535 (1965), it is stated:
Whether a verdict is for an inadequate sum can be determined only by the circumstances of the particular case. In general, the same matters are considered in the determination of whether an award of damages in a personal injury case is inadequate as in the determination of whether it is excessive, such as the severity of the injury, and whether or not, and the extent to which, the injury has impaired the plaintiff's earning ability.
As to any excessive verdict, it is said in 22 Am.Jur.2d Damages section 366, p. 473 (1965):
The damages, therefore, must be so excessive as to strike mankind, at first blush, as being, beyond all measure, unreasonable, and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption. In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line; for they have no standard by which to ascertain the excess.
By substituting inadequate for excessive, this statement applies here. The facts show that Thorn's car was struck in the rear. Thorn was 42 years old and was a traveling salesman for Hinton Beef Company of Mobile. The jury saw the plaintiff, heard the witnesses, and heard the doctors. We believe that the evidence was *406 such that the jury, as the trier of facts, could find that the appellee's injuries were well compensated by the award of $6,500.
Generally, as in this case, the only evidence of corruption, passion, prejudice or bias on the part of the jury is an inference, if any, to be drawn from contrasting the amount of the verdict with the amount of the damages. Kincade & Lofton v. Stephens, 50 So.2d 587 (Miss. 1951).
In Dendy v. City of Pascagoula, 193 So.2d 559 (Miss. 1967), the plaintiff had received a verdict in the sum of $550,000. On motion for a new trial, the trial court entered an order providing that a new trial would be granted unless a remittitur in the amount of $450,000 was entered. It was there stated:
We have consistently held in a long line of cases that this Court, in considering the action of the trial court in passing on a motion for a new trial will consider the action with favor and support it unless it is manifestly wrong. Especially is this true where a new trial has been granted, since the rights of the parties are not finally settled at this point. We will not disturb such action unless it is a manifest abuse of discretion. (193 So.2d at 564).
Therefore, the decisive question in this case is whether appellant has shown that the trial court manifestly abused its discretion in granting a new trial. As heretofore stated, a careful review of the evidence in this case convinces us that $6,500 was ample compensation for appellee's injuries. It is manifest to us that the trial court abused its discretion in granting a new trial.
However, nothing said in this opinion is meant to infer that we look with disfavor upon the trial court ordering an additur in a proper case. It is evident that the Legislature, in enacting Mississippi Code 1942 Annotated section 1686.5 (Supp. 1971), was attempting to treat additurs the same as remittiturs and to help relieve crowded dockets and bring an early end to litigation. The trial court should apply the provisions of this section when in its opinion it is proper to do so in order to carry out the purpose of the statute.
For the reasons stated this case is reversed and the judgment for $6,500 is reinstated.
Reversed and judgment for $6,500 reinstated.
All Justices concur.