BROOM, Justice:
The appellant, defendant below, Joshua Smith, appeals from the action of the Circuit Court of George County which set aside a jury verdict for the appellee and granted a new trial on the ground that the verdict was inadequate. A new trial was ordered on the question of damages only. Previously the court had ordered an addi-tur but it was set aside in the final order which granted a new trial. We affirm the order granting a new trial on damages only, unless the appellant enters an additur of $1,750.
The appellee, plaintiff below, was a guest passenger in an automobile driven by Mrs. Miller, her twin sister, when injured in an accident on March 30, 1971. Mrs. Miller was driving the automobile in which appellee was riding as a passenger in a southerly direction on Winter Street in Lucedale, Mississippi. As Mrs. Miller attempted to go through the intersection of Winter Street and U. S. Highway.No. 98, she said she was confronted with a green traffic signal. While operating his truck in a westerly direction on said highway, the appellant was allegedly confronted with a red traffic light. He drove into the intersection and collided with the Miller automobile which was struck on its left side by the front of appellant’s truck. While the suit of the appellee was pending, she made a settlement with Mrs. Miller whereby she received $1,500 and then went to trial upon her declaration against the appellant.
After testifying that she lost three months wages by being absent from work and that she made from $215 to $230 per month, she stated on cross-examination that she returned to work on June 1, 1971. Her injuries consisted in the main of a fracture of the left, eighth rib. She was taken by ambulance while unconscious to a county hospital in Lucedale where she remained overnight. The next day, at her request, she was removed to a hospital in Hattiesburg where she was hospitalized for twenty-three days. Total doctor and hospital bills introduced into evidence aggregated $1,531.23, of which $908.60 was for the hospital bill in Hattiesburg. A verdict for $1,250 was returned by the jury after hearing disputed testimony as to negligence and proximate cause.
Following the jury verdict of $1,250, ap-pellee filed a motion to reform the judgment wherein appellee asked that a judgment be granted her in the sum of $15,000. The motion to reform the judgment was filed May 30, 1972, on which date it was overruled by the trial court. Then, on the same day, appellee filed a motion for a new trial. On May 31, 1972 an additur of $1,750 was ordered by the trial judge. The order of May 31, 1972 providing for the additur of $1,750 provided that the appel *22 lant (defendant) should “have until August 7, 1972 within which to accept or a new trial on the issue of damages only will he granted.” On June 2, 1972, there was entered by the court another order finding that the amount of damages awarded “is grossly inadequate.” This order set aside the prior order of May 31, 1972 (which had ordered the additur) and concluded by granting a new trial on the question of damages only.
As error the appellant assigns the action of the trial court in setting aside the jury verdict and granting appellee a new trial on the question of damages only.
We must decide whether to reinstate the additur originally ordered in this case, or affirm the order of the trial judge in granting a new trial for damages only. The court discussed what rule would apply in determining whether an additur was proper in the case of Biloxi Electric Company, Inc. v. Thorn, 264 So.2d 404 (Miss.1972). There the court construed Mississippi Code Annotated section 11-1-55 (1972) and said that an additur could be ordered by any court of record as well as by the Supreme Court in cases where money damages were awarded. As announced in Biloxi Electric, the same rule applies in determining whether an additur is proper, as applies in determining if the amount of damages awarded is excessive.
A careful review of the entire record befor'e us leads us to the conclusion that the trial judge reached a correct conclusion in his order dated May 31, 1972 providing for the additur of $1750. As held in Dendy v. City of Pascagoula, 193 So.2d 559 (Miss.1967), the general rule is that in considering the action of the trial court in passing on a motion for a new trial, this Court would favorably view the action and support it unless it is manifestly wrong. It is in this context upon the posture of the record before us that we find the trial judge was justified in entering the additur of $1750. In this case the trial judge said in his order dated May 31, 1972, that the amount of damages awarded Mrs. Washam “is grossly inadequate.” In effect he was saying, as he had a right to say under section 11-1-55, supra, that the damages were contrary to the overwhelming weight of credible evidence and in this order we think he was correct.
A painstaking scrutiny of the medical testimony in this case and the testimony of the appellee herself showed that she had a more serious injury than a simple fracture of the eighth rib. It is obvious here that she had an involvement of the intercostal nerve which prolonged her disability and resulted in more than the usual pain from a rib fracture. Special damages proven by the appellee were of the total sum of $1991.23. Accordingly we agree with the ruling of the trial judge that the jury verdict of $1250 was against the overwhelming weight of the evidence even though ap-pellee had previously received $1500 in settlement of her claim against her sister. Therefore, the trial court was correct in his order dated May 31, 1972 providing for the additur.
We know of no previous case and there was none cited where, after first ordering an additur, a trial court in this state has then set aside the additur and granted a new trial for damages only as was done in this case. Under the rule announced in Biloxi Electric, supra, it is our judgment that the order providing for the additur of $1750 should be reinstated. The appellant is given fifteen days from the effective date of this opinion in which to accept the additur. In the event the additur is entered, a judgment in favor of appellee Washam will be entered here for $3000. Otherwise the action of the trial court in granting a new trial for damages only is affirmed.
Affirmed as to liability and remanded for a new trial on the question of damages only unless the specified additur is entered by the appellant.
GILLESPIE, C. J., and SMITH, ROBERTSON and SUGG, JJ., concur.