317 So.2d 376 (1975)
STANDARD PRODUCTS, INC.
v.
Myrtis L. PATTERSON, Administratrix of the Estate of Melvin Witherspoon, Deceased.
No. 48139.
Supreme Court of Mississippi.
July 14, 1975.
*377 Megehee, Brown, Williams & Corlew, Pascagoula, A. Clay Rankin, III, Mobile, Ala., for appellant.
Johnston, Pritchard & Wright, Pascagoula, for appellee.
Before RODGERS, ROBERTSON and BROOM, JJ.
RODGERS, Presiding Justice.
Melvin Witherspoon drowned while employed as a fisherman aboard a vessel owned and operated by Standard Products, Inc. He was a young single man living with his parents, to whom he was said to have contributed a part of his earnings. His mother, Mrs. Myrtis L. Patterson, was appointed administratrix of his estate and filed suit against the appellant under the authority of the Jones Act, 46 U.S.C. § 688 (1970) for the alleged negligent death of her son, Melvin Witherspoon.
The case was tried in the Circuit Court of Jackson County, Mississippi, resulting in a judgment in favor of the claimant/appellee in the sum of four thousand dollars ($4,000.00). The appellee promptly made a motion for a new trial based on the claim that the damages awarded by the jury were inadequate. The trial judge sustained the motion, and entered an order granting a new trial, unless appellant, Standard Products, Inc., agreed to accept an additur to the amount of damages awarded by the jury in the sum of six thousand dollars ($6,000.00), making a total of ten thousand dollars ($10,000.00). The appellant refused to accept the suggested additur and has appealed to this Court, as authorized by Mississippi Code Annotated § 11-1-55 (1972).
The applicable section of the admiralty and maritime law for merchant seamen, known as the Jones Act, found in 46 U.S.C. § 688 (1970), is in the following language:
"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all *378 statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."
State and federal courts have concurrent jurisdiction to entertain actions brought under the above federal statute. Boudreau v. Boat Andrea G. Corp., 350 Mass. 473, 215 N.E.2d 907 (1966). See the collection of many cases under 46 U.S.C.A. § 688, n. 258 (1958).
In the case of American Barge Line Co. v. Leatherman's Administratrix, 306 Ky. 284, 206 S.W.2d 955 (1947), and other cases collected under n. 440 of the Jones Act, 46 U.S.C.A. § 688 (1958), it has been decided that evidence of payment of contributions by a deceased son to his mother during his lifetime entitled her to bring an action with respect to expected future contributions.
However, in an action under the Jones Act the measure of damages is the loss of pecuniary benefits reasonably expected to be given to the parent by the deceased seaman. There can be no recovery under the Jones Act for grief, wounded feelings, or loss of society or companionship. The case of Michigan Central R.R. Co. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417 (1913), interpreted the Federal Employers' Liability Act, as stated above, and is referred to in the Jones Act. Igneri v. CIE. de Transports Oceaniques, 323 F.2d 257 (2d Cir.1963), cert. denied, 376 U.S. 949, 84 S.Ct. 965, 11 L.Ed.2d 969 (1964), is also to the same effect.
Such factors as the age of the deceased, his health, the age of the parents, their health, the financial condition of the parents and the reasonably expected contributions of the seaman to the parents are matters of evidence to establish proper damages for the jury's determination.
The testimony of the mother of the deceased seaman in this case was to the effect that her son customarily exhibited his paycheck to her, and that he gave her one-half of the amount shown. The evidence further shows that the seaman was eighteen (18) years of age. There was no evidence showing that Melvin Witherspoon was likely to have married at any time within the near future at the time of his death.
The record further shows that the deceased seaman had made approximately two thousand six hundred and sixty dollars ($2,660.00) during the year prior to his death, and in view of the testimony of Mrs. Myrtis Patterson, it is contended that he must have contributed one-half of this sum, or one thousand three hundred and thirty dollars ($1,330.00), to his mother.
The appellee states: "It is apparent that the jury considered that he would have contributed $1,330.00 per year during his age of minority or three years at $1,330.00 and then added $10.00 and rounded it off at $4,000.00 for their verdict."
The appellee argues that the mother "could reasonably expect to have contributions from her son throughout her life expectancy of 27.61 years."
In the case of Biloxi Electric Co., Inc. v. Thorn, 264 So.2d 404 (Miss. 1972), this Court quoted from Section 1686.5, Mississippi Code 1942 (Supp. 1971) [now Mississippi Code Annotated § 11-1-55 *379 (Supp. 1974)], and stated with reference to this Code section:
"It is provided that the section applies in two situations, viz: (1) If the court finds that the jury (or trier of fact) was influenced by bias, prejudice, or passion; or (2) If damages awarded were contrary to the overwhelming weight of credible evidence." 264 So.2d at 405.
The Court then quoted from 22 Am.Jur.2d Damages § 366, at 473 (1965), with reference to excessive damages and stated that by substituting "inadequate" for "excessive" damages, the following applied:
"The damages, therefore, must be so excessive as to strike mankind, at first blush, as being, beyond all measure, unreasonable, and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption. In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line; for they have no standard by which to ascertain the excess."
This means that the trial court should determine, before allowing an additur to a jury verdict for damages, that the jury verdict was so inadequate under the facts in the case as to strike mankind, at first blush, as being beyond all measure, unreasonable and outrageous and such as to manifestly show the jury to have been actuated by passion, partiality, prejudice or corruption.
Under the authority of a long line of cases, it is a general rule of this Court to respect and follow the holding of the trial judge with reference to his order in granting a new trial since such an order is not a final disposition of the case. Dendy v. City of Pascagoula, 193 So.2d 559 (Miss. 1967). However, where it is evident that the trial judge failed to follow the general rule in the light of the testimony, this Court will not hesitate to set aside the order improvidently granted and to reinstate the verdict of the jury. Biloxi Electric Co., Inc. v. Thorn, supra.
In the instant case, we feel that the jury verdict was correct. A young man can reasonably be expected to marry, and it is unreasonable to expect that he would give his mother one-half of his earnings during his entire life. This is especially true in this case where it is shown that both parents are gainfully employed.
The judgment of the trial court granting an additur to the jury verdict will be hereby set aside and the original verdict of the jury reinstated.
The jury verdict of four thousand dollars ($4,000.00) is hereby reinstated.
Judgment reversed and rendered.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, SUGG and WALKER, JJ., concur.