330 So.2d 872 (1976)
Russell DORRIS
v.
William W. CARR, a minor, by father and next friend, C. A. Carr.
No. 48507.
Supreme Court of Mississippi.
April 27, 1976.
Rehearing Denied May 18, 1976.
*873 Daniel, Coker, Horton, Bell & Dukes, Jackson, for appellant.
Michael J. Malouf, Jackson, for appellee.
Before PATTERSON, P.J., and ROBERTSON and SUGG, JJ.
ROBERTSON, Justice, for the Court:
The principal question involved in this appeal is the scope of review when there is an appeal from the action of a trial judge in granting a new trial unless the defendant enters an additur.
Suit was filed in the Circuit Court of the First Judicial District of Hinds County on behalf of William W. Carr, a minor, against Russell Dorris. The jury returned a verdict in favor of Carr for $4,500, and judgment was entered accordingly. Upon motion by Carr, the trial court granted a new trial unless Dorris agreed to an additur of $3,000. Dorris appealed under the provisions of Mississippi Code Annotated section 11-7-213 (1972)[1]. This is the only exception to the rule that appeals are allowed from the circuit court only when the judgment is final. See Miss. Code Ann. § 11-51-3 (1972). Carr cross-appealed, contending that the suggested additur is inadequate.
The briefs focus on whether or not the jury's verdict was supported by the evidence or whether bias, passion or prejudice on the part of the jury was shown. This is not the issue. The issue is whether it is manifest that the trial court abused its discretion in granting the new trial.
Mississippi Code Annotated section 11-1-55 (Supp. 1975),[2] entitled "Authority to impose condition of additur or remittitur", provides:
"The supreme court or any other court of record in a case in which money damages were awarded may overrule a motion for new trial or affirm on direct or cross appeal, upon condition of an additur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence. If such additur or remittitur be not accepted then the court may direct a new trial on damages only. If the additur or remittitur is accepted and the other party perfects a direct appeal, then the party accepting the additur or remittitur shall have the right to cross appeal for the purpose of reversing the action of the court in regard to the additur or remittitur."
The statute added nothing to the existing case law except that it provided for additurs. Prior to the enactment of the statute, the circuit court had authority under the case law to grant new trials on the ground of excessiveness or inadequacy of the verdict and to suggest remittiturs on the same ground.
In the early case of Dorr v. Watson, 28 Miss. 383 (1854), the standard was set for reviewing the action of a trial court in granting a new trial. This standard has been consistently applied in case after case throughout the years. In Dorr, the Court said:
"The granting a new trial rests in a great measure upon the sound discretion of the court below, to be exercised under all the circumstances of the case with reference to settled legal rules as well as the justice of the particular case. If a new trial be refused, a strong case must be shown to authorize the appellate court to say that it was error; and so, if it be granted, it must be manifest that it was *874 improperly granted. Indeed, it would seem that the latter would be entitled to the greater indulgence, inasmuch as it is not a final decision of the case, and the party against whom it is granted, still has an opportunity to assert his rights on the new trial." 28 Miss. at 395.
Among the numerous cases where this Court has upheld the trial court in granting a new trial on grounds of inadequacy or excessiveness of damages is Rayner v. Lindsey, 243 Miss. 824, 138 So.2d 902 (1962). In Rayner the Court reiterated the long-standing rule concerning the standard of review in the following language:
"`The rule as universally announced in our decisions is that the action of the trial court upon a motion for a new trial is to be favorably considered upon appeal and supported unless manifest error appears or unless the action of the trial court in sustaining the motion shows a manifest abuse of his discretion, and the rule is particularly applicable where the new trial has been granted, since in such cases the rights of the parties are not finally settled as they are where a new trial is refused. [Here citing numerous cases].'" 243 Miss. at 832-33, 138 So.2d at 905-06.
Rayner, commenting on the superior position of the trial judge in determining whether a new trial should be given on the question of damages, said:
"The trial judge not only heard the testimony of the witnesses, including the medical evidence, but he saw the plaintiff in court, and in addition had an opportunity to hear the history of other similar cases read and discussed by eminent attorneys, to the end that when it became his duty to pass upon a motion for a new trial upon the question of excessiveness of the verdict, he could focus not only the facts but the law on the question of damages. It was his duty in the first instance to determine whether or not a new trial should be granted movant. Sec. 1536, Miss.Code 1942, Rec." 243 Miss. at 832, 138 So.2d at 905.
In Houston v. Page, 208 So.2d 901 (Miss. 1968), the Court again restated the test for reviewing the action of a trial court in granting a new trial and again recognized that the trial judge is in a superior position to determine whether the jury has responded to reason with reference to damages. In that case the Court said:
"Although fixing the amount of damages in a case of this kind is primarily a matter for the jury, the statute clearly contemplates that the trial judge, from his station of vantage, shall see to it that such awards are kept reasonably within the bounds of the evidence. If the trial court should consider that a verdict is, upon the evidence, either grossly excessive or inadequate, he may, and indeed should, set it aside and award a new trial. Where a new trial is granted upon the ground that a verdict is excessive, the trial court may suggest a remittitur as an alternative to the new trial." 208 So.2d at 905.
When this Court reviews the action of the jury after the trial court has refused to grant a new trial on the question of damages, the question here then becomes one of whether the verdict was either so excessive or inadequate as to shock the conscience and to indicate bias, passion and prejudice on the part of the jury, or, as sometimes stated, whether the jury failed to respond to reason. But this is not the test this Court applies in passing upon the action of the trial judge when he grants a new trial. In such a case, the focus is upon the trial judge's action and not upon the jury's action, and we can only reverse the trial judge in such event where this Court finds that it is manifest that the trial judge abused his discretion.
The application of the standards heretofore discussed requires an examination *875 of the facts both on liability (since contributory negligence is an issue) and on the extent of Wayne Carr's injuries.
Wayne was sixteen years old at the time of the accident. On Sunday, August 5, 1973, just after dark, he was driving his motorcycle south on Meadowlane Drive in Jackson. A friend of his was riding near him on a motorcycle. At the same time, Dorris was returning from a fishing trip, towing a trailer on which were a fourteen-foot aluminum boat and outboard motor. He had his headlights on. In order to enter his driveway as he traveled north on the street, Dorris had to make a 90 degree left turn. The collision took place just as Dorris reached his driveway, having turned across the traffic lane in which Carr and his companion were traveling. Carr struck Dorris' car, landed temporarily upon the hood, broke the windshield and made a final landing in the ditch on the other side.
Carr testified that he had his headlight on and that he was driving about thirty miles an hour. Two witnesses, who were close to the point of impact, corroborated Carr's statement that the light on his motorcycle was burning. Carr testified that he saw no left-turn signal given by Dorris, and Dorris testified that he did not see any lights on the motorcycles. Al Burnett, Dorris's next door neighbor, testified that he was at the scene in about 10 or 15 seconds and that the motorcycle headlight was not on when he looked at it in the ditch. Later when Carr's motorcycle was moved the headlight was turned on and the motorcycle driven away under its own power.
On the question of damages, the proof showed that Wayne was in the hospital about a week, that his medical expenses amounted to $1,632.35; that he lost four weeks from work at a salary of $90 per week and thirty weeks at $70 a week, or a total of $2,460 in lost wages. Medical expenses and all possible lost wages amounted to $4,092. Wayne underwent an operation for the repair of his left knee for torn ligaments and wore a cast for several weeks. Thereafter he was on crutches.
His doctor, who operated on his knee, estimated that he had a 20% permanent impairment to the lower left extremity. But Dr. Wilder also testified that Wayne had "a reasonably normal range of motion at the present time", had no limp, and was able to do service station work. When he quit school about April 1, 1974, he got a fulltime job at a service station earning $115 a week and was able to perform the many services required of him.
We have carefully studied and reviewed the record, including the reasons assigned by the trial judge for making a $3,000 additur, and we are unable to say that the trial judge manifestly abused his discretion.
For the reasons stated, the judgment of the trial court is affirmed. If the defendant Dorris enters an additur of $3,000 within fifteen days after this judgment becomes final, the case will be affirmed, and judgment entered here for $7,500. Otherwise, the judgment will be affirmed as to liability, and the case remanded for a new trial on the issue of damages only. If the additur is not entered and the case is remanded for a new trial, all of the facts, both as to liability and damages, should be presented to the jury so that the jury may decide all questions of negligence and contributory negligence and apportion damages accordingly.
This case was considered by a conference of the Judges en banc.
AFFIRMED ON DIRECT AND CROSS-APPEALS.
GILLESPIE, C.J., INZER, P.J., and SMITH, WALKER, BROOM and LEE, JJ., concur.
PATTERSON, P.J., and SUGG, J., dissent.
PATTERSON, Presiding Justice (dissenting):
With deference to the majority, I dissent. I am of the opinion the issue is the *876 determination of whether there is credible evidence to support the amount of the jury verdict. The scope of review is necessarily limited to the resolution of that question. Mississippi Code Annotated section 11-1-55 (Supp. 1975) authorizes the overruling of a motion for a new trial or affirmance on direct or cross appeal, dependent upon the existence of a condition. It states in part:
... upon condition of an additur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence... .
In the context of this case the trial judge of necessity had to review the evidence to ascertain whether there was such to support the jury verdict. If there was credible evidence to support it, then he erred in granting a new trial upon condition of an additur. If there was no credible evidence to support the amount of the jury verdict, then, in that event he was correct in entering the additur.
This Court, in reviewing the rulings of a trial court's passing upon evidence, of necessity has to review the same evidence to reach its conclusion. It may be conceded that our review is limited to the record and this limitation does not give this Court the advantage enjoyed by a trial court of hearing and observing the demeanor of the witnesses. This does not mean, however, that the record is meaningless. It suggests only that great caution should be used by this Court in overruling a trial court's actions in either upholding or disregarding evidence presented to a jury. It is also true that the trial judge should indulge caution in overturning, by way of a new trial, a jury verdict based upon competent, though conflicting, evidence. In The New Orleans, Jackson, and Great Northern RR Co. v. Hurst, 36 Miss. 660 (1859), we stated:
The law has not intrusted the court with a discretion to estimate damages, but has devolved the power on a jury, as a matter of sentiment and feeling, to be exercised by them according to their sound discretion, duly weighing all the circumstances of the case, and considering the state, degree, quality, trade, or profession, as well of the party injured, as of him who did the injury. Judges, therefore, should be very careful how they overthrow verdicts, given by twelve men, on their oaths, on the ground of excessive damages... . (36 Miss. at 666, 667)
My review of the record convinces me there was sufficient, competent, credible evidence for the jury to have mitigated plaintiff's damages due to his contributory negligence. Indeed, I think the resume of the evidence of the majority is indicative of this.
The defendant testified that he did not see the plaintiff's headlight as he made his turn into the driveway. He also testified he would have seen the light had it been on. This was corroborated by a witness who was on the scene within seconds after the accident. This witness testified that the motorcycle headlight was not on. There is also testimony that when the motorcycle was removed from the scene of the accident, the headlight came on when the switch was activated.
One of the critical issues in the suit concerns the light since the defendant's negligence or lack of it in making the left turn depended largely upon whether, from his point of new, there was a visible approaching vehicle in the lane of traffic that he would traverse. I am of the opinion the damages awarded were not grossly inadequate so as to require a new trial contingent upon an additur since the jury had *877 every right, and indeed the duty, to mitigate the damages if it believed the testimony of contributory negligence.
The discourse of the majority opinion distinguishing between a trial court's review of the evidence and this Court's review of evidence, in my opinion, is a distinction without a difference. If there was evidence to support the jury verdict, and there was, and the trial judge rejected it, then he erred. Whether we call this manifest error or a manifest abuse of discretion, the fact remains that the jury found to the contrary upon credible evidence and its verdict should not be disturbed.
For these reasons I dissent and would reinstate the verdict of the jury since it was not unreasonable.
SUGG, J., joins in this dissent.
NOTES
[1] This section allows an appeal from an order granting a new trial when the sole ground is the excessiveness or inadequacy of damages assessed.
[2] The last sentence of this section was added by a 1972 amendment.