365 So.2d 630 (1978)
Ersie Faye WALTON
v.
Betty J. SCOTT.
No. 50768.
Supreme Court of Mississippi.
December 13, 1978.
*631 Carnathan & Davidson, Douglas M. Wright, Tupelo, for appellant.
Mitchell, McNutt, Bush, Lagrone & Sams, Fred M. Bush, Jr., Tupelo, for appellee.
Before ROBERTSON, P.J., and LEE and COFER, JJ.
LEE, Justice, for the Court:
Ersie Faye Walton filed suit in the Circuit Court of Lee County against Betty J. Scott for personal injuries sustained in an automobile collision. The trial court directed a verdict in favor of Walton on the issue of liability (the defendant rested at the end of the plaintiff's case) and submitted to the jury the issue of damages. The jury returned a verdict in favor of the plaintiff for twenty-six thousand dollars ($26,000). On motion for a new trial and remittitur, the trial judge ordered a remittitur in the sum of twelve thousand three hundred dollars ($12,300), reducing the verdict and judgment to thirteen thousand seven hundred dollars ($13,700), or new trial on the issue of damages. From such action of the lower court, the plaintiff appeals.
There is no cross-appeal, and the only question involved here is whether or not the trial judge abused his discretion in entering the remittitur.
On April 28, 1976, appellant was driving her automobile through an intersection in obedience to a green signal light. Appellee entered the intersection on a red signal light and collided her automobile with the right rear of appellant's vehicle. Appellant thought she was not hurt, but when she arrived home, she had to rest; her hands, knees and shoulders were hurting her. The next day she went to her family doctor because of the pain, and received medication. On May 6, she was hospitalized in the Itawamba County Hospital for approximately one month.
Appellant did not improve, she saw another physician without improvement, and on September 9, 1976, she went to see Dr. Earl E. Whitwell, an orthopedic surgeon, who hospitalized her and conducted a series of tests. He discovered that appellant had rheumatoid arthritis, and prescribed Tolectin pills for her, which improved her condition. At the time she was seen by Dr. Whitwell, appellant's knees were swollen; she could hardly stand without help. Within five (5) days appellant could move about, and she was discharged September 26. It was Dr. Whitwell's opinion that, although the rheumatoid arthritis was dormant and was not a result of the trauma, the injuries sustained in the collision caused the condition to light up and activated same.
Appellant was forty-nine (49) years of age. She had never had rheumatoid arthritis or any other such illness prior to the collision. Dr. Whitwell stated that such condition usually developed in the twenty-five (25) to thirty-five (35) year age group and indicated that, since appellant had passed that age group, she may not have had an onset of the disease without the trauma.
The rule for determining whether a jury verdict is excessive or inadequate is stated in Biloxi Electric Co. v. Thorn, 264 So.2d 404 (Miss. 1972), where the Court [citing from 22 Am.Jur.2d Damages § 366] stated:
"The damages, therefore, must be so excessive as to strike mankind, at first blush, as being, beyond all measure, unreasonable, and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption. In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line; for they have no standard by which to ascertain the excess." 264 So.2d at 405.
In Standard Products, Inc. v. Patterson, 317 So.2d 376 (Miss. 1975), the Court reiterated the rule as follows:

*632 "This means that the trial court should determine, before allowing an additur to a jury verdict for damages, that the jury verdict was so inadequate under the facts in the case as to strike mankind, at first blush, as being beyond all measure, unreasonable and outrageous and such as to manifestly show the jury to have been actuated by passion, partiality, prejudice or corruption." 317 So.2d at 379.
Mississippi Code Annotated Section 11-1-55 (1972) authorizes the trial judge, upon motion for additur or remittitur, to modify the jury verdict (1) if the trial judge finds that bias, passion or prejudice influenced the verdict, and (2) the damages awarded are against the overwhelming weight of the credible evidence. See Standard Products, Inc. v. Patterson, supra.
Whether or not the jury verdict evinces such bias, passion or prejudice on the jury's part as to shock the conscience is the test to be applied in determining the excessiveness or inadequacy of a verdict. James Reeves Contractor, Inc. v. Chain, 343 So.2d 1229 (Miss. 1977).
In Kincade & Loftin v. Stevens, 50 So.2d 587 (Miss. 1951), the Court held that the evidence of such feelings on the part of the jury is an inference drawn from contrasting the amount of a verdict with the amount of the damage.
When this Court reviews the action of a jury after the trial court refuses or grants a new trial on damages alone, the question is whether the verdict evinces bias, passion and prejudice on the part of the jury. In reviewing the action of the trial judge who enters an additur or remittitur on motion for a new trial, the Court looks to whether or not the trial judge manifestly abused his discretion in so doing. Dorris v. Carr, 330 So.2d 872 (Miss. 1976). However, in determining whether or not the trial judge abused his discretion it is necessary for this Court to look beyond his action and apply the rule stated in Biloxi Electric Co. v. Thorn, supra; Standard Products, Inc. v. Patterson, supra; and other cited cases on the question.
The undisputed evidence indicates that appellant suffered a great deal of pain, and was suffering pain at the time of trial; she incurred four thousand one hundred thirty-two dollars fifty cents ($4,132.50) in medical bills; she lost wages of one hundred fifty dollars ($150.00) per week; and she was unable to continue work. We take judicial notice of the fact that she had a life expectancy of twenty-eight (28) years. Harris v. Pounds, 185 Miss. 688, 187 So. 891 (1939); Tucker v. Gurley, 179 Miss. 412, 176 So. 279 (1937). Computing loss of wage-earning capacity to age sixty-five (65) would amount to one hundred twenty-four thousand eight hundred dollars ($124,800).
With the damages outlined above, we are of the opinion that the verdict of $26,000 was not excessive to the extent that it evinced bias, passion and prejudice on the jury's part, or so large as to shock one's conscience, when contrasted with said damages, and damages awarded were not contrary to the overwhelming weight of the credible evidence. We are of the opinion that it is manifest the trial judge abused his discretion in entering the remittitur on motion for a new trial, and the judgment of the trial court is reversed, the verdict of the jury is reinstated, and judgment is entered here in the sum of $26,000.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.