LEE, Justice,
for the Court:
Robert L. Huggins filed suit against William C. Huggins, his brother, in the Circuit Court of the Second Judicial District of Carroll County, Mississippi, seeking damages for personal injuries sustained in an automobile accident. The liability of William C. Huggins was admitted and the jury returned a verdict in favor of Robert L. Huggins in the sum of one thousand dollars ($1,000). Plaintiff Huggins filed a motion for new trial on the ground that the jury verdict was inadequate to compensate him for his injuries, which motion was denied.
Robert L. Huggins has appealed to this Court assigning three errors. However, the sole question is whether or not the verdict of the jury is so inadequate as to evince bias, passion or prejudice on the part of the jury.
The evidence reflects that on December 25,1975, at about 11:30 p. m., appellant was riding as a passenger in an automobile driven by appellee, who lost control of the vehicle, ran off the road and struck some trees. Appellant was rendered unconscious by the impact, sustained a broken nose, broken teeth, a bruised chest and shoulder, and head injuries. It was admitted that appellant was not guilty of any negligence which proximately caused or contributed to the accident.
The evidence further reflected that appellant incurred medical bills of four hundred ten dollars ($410.00) and lost eighteen (18) months from work at a wage of one hundred twenty-five dollars ($125.00) per week. One orthopedic specialist testified that appellant reached maximum recovery nine (9) months after sustaining the injuries and that he had an occupational disability of twenty percent (20%). Appellant testified he could not do the heavy work that he *398 could previous to the accident for a period of approximately eighteen (18) months, and that he suffered considerable pain.
This Court has held many times that, for a jury verdict to be set aside as excessive or inadequate, it must be against the great weight of the evidence and result from bias, passion or prejudice on the part of the jury. Walton v. Scott, 365 So.2d 630 (Miss.1978); Brown & Root, Inc. v. Continental Southern Lines, Inc., 228 Miss. 15, 87 So.2d 257 (1956).
We are of the opinion that, on the undisputed testimony as to damages (there being no contributory negligence on the part of the appellant), the verdict was not responsive to the evidence and falls within the rule stated above. Consequently, the case is reversed and remanded to the lower court for trial on the issue of damages alone.
REVERSED AND REMANDED ON DAMAGES.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.