LEE, Justice,
for the Court:
Bill Russell filed suit in the Circuit Court of Harrison County, Honorable Ruble Griffin presiding, against Mississippi Power Company, A. A. Pittman and Advance Industrial Security Division of A.T.O., Inc., for damages as a result of personal injuries sustained and on account of slanderous statements made to Russell. The jury returned a verdict in favor of Russell in the sum of five thousand dollars ($5,000) and judgment was entered in said amount. The defendants filed a motion for new trial on the issue of damages only, or, in the alternative, for a remittitur, which motion was overruled by the trial judge. The defendants appeal from that judgment and assign the following errors:
(1) The court erred in not granting a new trial on the issue of damages only.
(2) The court erred in not ordering a remittitur by the plaintiff in such amount as the court thought the verdict to be excessive.
The evidence was in serious conflict on the issue of liability. That issue was resolved by the jury in favor of the appellee, and it cannot be considered on this appeal. Briefly, the facts follow.
About 11:00 a. m. on September 16, 1976, appellee went to the office of Mississippi Power Company in Gulfport, Mississippi to discuss a disputed bill. Upon arriving at the office building of said company, appel-lee went to the security guard desk and inquired where the meeting was to be held. Van Norman, an employee of the company, observed some commotion between the guard, A. A. Pittman, and appellee, and walked up to them, inquiring whether or not he could be of assistance. He called a Mr. Cuevas, another employee of the power company, who directed him to escort appel-lee to the second floor. As they started to leave the security guard desk, Pittman requested appellee to sign the register, which was required of all visitors going above the first floor. Appellee took out his Shaeffer pen and signed the register. Since appellee did not know the floor number where they were going, Van Norman took appellee’s pen, filled out the register and placed the pen on the guard’s desk. Appellee picked up the pen, placed it in his pocket and proceeded toward the elevator. According to appellee, Pittman, thinking the pen to be his (in the presence of a number of people), cursed him in a loud voice, and accused him of stealing the pen, and Pittman then twisted appellee’s arm behind his back and ejected him from the building.
Appellee was examined by a doctor (who did not testify), and was X-rayed. He could not fully use his arm for six (6) to eight (8) weeks.
Mississippi Code Annotated Section 11-1-55 (1972) provides the following:
“The supreme court or any other court of record in a case in which money damages were awarded may overrule a motion for new trial or affirm on direct or cross appeal, upon condition of an additur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence. If such ad-ditur or remittitur be not accepted then the court may direct a new trial on damages only.”
In Walton v. Scott, 365 So.2d 630 (Miss.1978), we restated the principle involved in the present case and said:
*DCLXXVII “In reviewing the action of the trial judge who enters an additur or remittitur on motion for a new trial, the Court looks to whether or not the trial judge manifestly abused his discretion in so doing. Dorris v. Carr, 330 So.2d 872 (Miss.1976). However, in determining whether or not the trial judge abused his discretion it is necessary for this Court to look beyond his action and apply the rule stated in Biloxi Electric Co. v. Thorn, supra, [264 So.2d 404 (Miss.1972)]; Standard Products, Inc. v. Patterson, supra, [317 So.2d 376 (Miss.1975)]; and other cited cases on the question.” 365 So.2d at 632.
The evidence was undisputed that appel-lee sustained some injury to his arm when he was removed from the building by Pittman. In Southwest Drug Stores of Mississippi, Inc. v. Garner, 195 So.2d 837 (Miss.1967), Mrs. Garner, a customer in the drug store, was accused by the appellant there of taking a bar of soap. A verdict of eight thousand dollars ($8,000) was held not to be excessive. See also Sumner Stores of Mississippi v. Little, 187 Miss. 310, 192 So. 857 (1940); Reliance Manufacturing Co. v. Graham, 181 Miss. 549, 179 So. 341 (1938); and Kroger Grocery and Baking Co. v. Harpole, 175 Miss. 227, 166 So. 335 (1936), where verdicts for slander (theft) were held not to be excessive.
After examining the evidence with reference to damages sustained by the appellee, we cannot say that the trial judge manifestly abused his discretion in overruling the motion for a new trial on the issue of damages only and in declining to enter a remittitur. Therefore, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.