447 So.2d 1288 (1984)
Randy HYNUM
v.
George D. SMITH, Father and Next Friend of Connie Smith.
No. 54097.
Supreme Court of Mississippi.
April 4, 1984.
Thomas C. Gerity, Watkins & Eager, Jackson, R. Eugene Parker, Jr., Varner, Parker & Sessums, Vicksburg, for appellant.
Gerald E. Braddock, Ellis, Braddock & Bost, Vicksburg, for appellee.
Before ROY NOBLE LEE, P.J., and HAWKINS and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Warren County wherein the trial judge gave the jury a peremptory instruction requiring them to find the defendant/appellant liable while at the same time granting an instruction on contributory negligence thereby leaving the calculation of damages as the sole question for the jury. The jury *1289 returned a verdict of $35,000.00 and upon a motion filed later by plaintiff the trial court stated he erred in granting the contributory negligence instruction and granted a new trial as to damages only unless defendant accepted an additur of $140,000.00 within 10 days. The defendant did not accept the additur and appealed to this Court. Because of previous decisions of this Court our scope of review is limited to determining whether the trial judge abused his discretion in granting the new trial because the verdict was so low as to clearly indicate bias, passion and prejudice of the jury. We reverse.
This case involves an automobile accident which occurred on January 28, 1981, on Highway 61, a four-lane divided highway with two northbound and two southbound lanes. The collision took place near Vicksburg at the entrance to a state-owned truck scale or weigh station. Because the only weigh station is on the western side of the highway, northbound trucks must necessarily cross the southbound lane in order to be weighed. At the point that northbound trucks cross the highway there is a yield sign indicating that they are to yield to southbound traffic before crossing to the weigh station. The collision in the instant case was between a southbound car driven by Connie Smith and a northbound truck crossing to the weigh station driven by Willie Bingham and owned by Randy Hynum. Most of the rest of the facts surrounding this incident are in dispute. Ms. Smith claimed that she was driving in the lefthand lane of the southbound traffic when the 18-wheel truck driven by Willie Bingham pulled out in front of her. She stated that the first time she saw the truck its cab was in the middle of the road in her lane 12 to 15 feet away. She testified that she did not have time to apply her brakes, sound her horn or escape the collision.
Willie Bingham told a different story. He stated that he came to a complete stop at the yield sign to allow another car to pass. Bingham testified that although he saw Ms. Smith's car approaching, he knew that he had time to cross the highway. Bingham testified that the accident occurred after his truck had cleared both lanes of the highway, thereby implying that Ms. Smith's car struck him once he was in the shoulder of the road. Testimony concerning location of the accident debris supported both arguments.
As a result of the collision Ms. Smith was pinned in her car for approximately 35 to 45 minutes. During this time she was in great pain, bleeding and afraid that the vehicle would catch on fire. Once removed from the car, she was taken to a nearby hospital emergency room where she was treated for a number of severe injuries. Among these injuries were a shattered kneecap on her right knee, a broken jaw, broken nose, severe facial lacerations, and the death of a five and one-half month old fetus she was carrying. After treatment in the emergency room, she was removed to surgery where her kneecap was removed and her jaw and nose worked on. The following morning she went into labor and the fetus was delivered dead. Ms. Smith was confined to the hospital for two and one-half weeks and forced to take all nourishment through a straw for two and one-half months following the accident. Her medical bills as a result of the accident totalled $12,590.45.
There was expert medical testimony that as a result of the loss of her kneecap she would have a 10% disability of her lower extremity or 5% of her total body. Also, she would have a 50% disability in her mouth and a 25% disability of her jaw.
Following all of the evidence the court sustained plaintiff's motion for a directed verdict as to liability. Although the court peremptorily instructed the jury to find the defendant guilty of negligence, the court also granted Instruction D-24, an instruction on contributory negligence. The jury returned a verdict of $35,000.00 and the plaintiff entered a motion for a new trial, or in the alternative an additur. In the court's ruling on the motion it stated that should the defendant fail to accept an additur of $140,000.00, thereby raising the total judgment to $175,000.00, a new trial would *1290 be granted on the issue of damages alone. The trial judge held that he had erred when he granted the contributory negligence instruction. He then ruled: "In the absence of negligence of the plaintiff, the verdict of the jury, $35,000.00, was so paltry and inadequate as to evince bias, passion and prejudice." The defense did not accept the additur and the motion for a new trial was granted. On the granting of that motion the defendant brings this appeal.
In a number of cases, this Court has written that its scope of review is limited to determining whether the trial court abused its discretion in granting a motion for a new trial where the defense refuses to accept an additur. Cortez v. Brown, 408 So.2d 464 (Miss. 1981); Screws v. Parker, 365 So.2d 633 (Miss. 1978); Walton v. Scott, 365 So.2d 630 (Miss. 1978); Dorris v. Carr, 330 So.2d 872 (Miss. 1976). As we stated in Walton, in determining whether the trial court abused its discretion we ask whether the verdict was so paltry as to evince bias, passion or prejudice. If the verdict was so paltry then the trial court cannot be said to have abused its discretion; however, where the verdict is not so unreasonable as to be indicative of those dangers, the granting of a new trial is an abuse of discretion. Indeed this case is virtually controlled by Screws v. Parker, supra.
Review of the record in this cause leave little doubt that Ms. Smith was seriously injured as a result of the collision. Undoubtedly the accident was emotionally traumatic and its consequences quite painful. Had we been jurors attempting to assess the value of Ms. Smith's damages, we may very well have concluded that she was entitled to more than $35,000.00. Regardless, we cannot say that the jury's assessment of her damages evinces bias, passion or prejudice on their part. She was granted a sum nearly three times her medical bills and while she may feel that she is entitled to a greater award, the jury obviously did not. In light of the contributory negligence instruction and conflicting evidence as to how the accident occurred, we would be hard pressed to label the jury's verdict the result of bias, passion or prejudice.
Therefore, based on all of the foregoing, we hereby reverse the trial court's granting of a new trial and reinstate the verdict of the jury at $35,000.00.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER and ROBERTSON, JJ., concur.
BOWLING and SULLIVAN, JJ., not participating.