462 So.2d 325 (1984)
CITY OF JACKSON, Mississippi
v.
Martin Dale AINSWORTH.
No. 55189.
Supreme Court of Mississippi.
December 19, 1984.
*326 David L. Love, Jackson, for appellant.
James P. Cothren, Cothren & Pittman, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and HAWKINS and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
This appeal arises from a personal injury action brought by Ainsworth for $125,000 in damages sustained when he stepped on a piece of lumber and fractured his ankle in a baseball game on a field owned and maintained by the city of Jackson. The jury awarded Ainsworth $4,582 in medical expenses and lost wages, based on a finding that the city was 40% negligent and Ainsworth was 60% contributorily negligent. Ainsworth filed a motion for a new trial on damages only, or alternatively for an additur, based upon the jury's failure to award any damages for the elements of permanent impairment and pain and suffering. The trial court ordered a $16,000 additur or a new trial on damages if the additur were not accepted. The city refused to accept the additur and appealed under Mississippi Code Annotated § 11-7-213 (1972), assigning two errors by the trial court:
1. Did the trial court abuse its discretion in ordering a $16,000 additur or, in the alternative, a new trial on the issue of damages.
2. Did the trial court err in allowing the jury to return its verdict in a form substantially different from the court's instructions?
We conclude that the circuit judge's action on both points was not error, and affirm.

I
The circuit court in this case exercised its authority under Mississippi Code Annotated *327 § 11-1-55 (Supp. 1984), to overrule a motion for a new trial on the issue of damages on the condition that the defendant accept an additur ordered by the court. The city of Jackson appealed the circuit court's order granting a new trial on the issue of damages pursuant to Mississippi Code Annotated § 11-7-213 (1972), which provides that when the sole ground for a new trial is the inadequacy of damages awarded, the party aggrieved may elect to appeal from the order granting a new trial.
Where an appeal is taken under § 11-7-213, the scope of review of this Court is limited to determining whether the trial court abused its discretion in granting a motion for a new trial on damages only where the defense refuses to accept an additur. Hynum v. Smith, 447 So.2d 1288 (Miss. 1984); Cortez v. Brown, 408 So.2d 464 (Miss. 1981); Screws v. Parker, 365 So.2d 633 (Miss. 1978); Dorris v. Carr, 330 So.2d 872 (Miss. 1976).
The decision to appeal under § 11-7-213 means that an appellant must be willing to accept the verdict in all other respects, including the determination of liability. Cortez v. Brown, 408 So.2d at 471, City of Meridian v. Dickson, 266 So.2d 143, 144 (Miss. 1972). An appeal asserting that an additur was erroneously ordered precludes review of the trial court's rulings on the admissibility of evidence, rulings on instructions to the jury, motions for directed verdict, peremptory instructions and other errors. Cortez v. Brown, 408 So.2d at 471. Otherwise, this Court would not be able to limit the scope of appeal to the question of whether the trial court abused its discretion in granting a new trial on the issue of damages only. City of Meridian v. Dickson, 266 So.2d at 144. In none of the above cited cases did the defendant submit to a new trial on damages in order to preserve his right to appeal on both liability and damages.
The verdict returned by the jury in this case was as follows:
We, the jury, find for the plaintiff and assess his damages at [*]$,4,582.
Negligence:

 Plaintiff 60%
 Defendant 40%
Salary at time of injury: $25,500
25,500 12 = monthly salary $2,125
 X 3 months' absence from work
 2125
 3
 ____
 6375
 5080 medical expenses
 ____
 11,455
 11,455
 X 60% negligence
 _______
 6,873
 11,455
 6,873
 _____
 [*]4,582

In addition to proof of lost wages and medical expenses, Ainsworth offered evidence of pain and suffering and permanent impairment. He testified that when he arrived at the emergency room with his left foot turned around backwards the doctor had two assistants hold him down while the doctor twisted his foot around to normal position, without waiting for the painkilling medication to take effect. Ainsworth suffered additional pain from the splint placed on his leg and from a non-walking cast held in place by two pins driven through the bone below his knee. Ainsworth suffered intense pain from the weight of the cast on the pins, and had to have them removed in separate procedures. Dr. Nix, Ainsworth's treating physician, stated that Ainsworth had a lot more pain than the average patient. Dr. Nix detected post-traumatic arthritis in Ainsworth's ankle, which will get worse as time passes.
As a result of the injury, Dr. Nix stated that Ainsworth has 15% permanent impairment of the left leg. Ainsworth also faces future surgery to relieve the post-traumatic arthritis, either by ankle fusion, which makes the ankle completely stiff, or by an ankle replacement operation. Ainsworth testified that hills, inclines, and running are a problem because his ankle will not bend enough to walk up or down naturally and he runs with a limp. He wears support ankle braces on both feet. Dr. Nix stated *328 that Ainsworth's difficulty with inclines, declines and squatting will increase with the arthritis.
The trial judge relied upon Cash v. Illinois Central Railroad Co., 388 So.2d 871 (Miss. 1980), as authority for his formulation of Ainsworth's damages. We stated in Cash:
After considering all of the elements of damage, as well as his uncontradicted testimony of continued pain and suffering and his limited ability to do physical work around his home and for his family, we are of the opinion "that the damages awarded were contrary to the overwhelming weight of the credible evidence," [M.C.A. § 11-1-55 (Supp. 1979)], and that there should be an additur so as to increase the total verdict to $50,000. Then, in accordance with the jury's verdict finding Cash 50% contributorily negligent, the total verdict should be reduced to $25,000.
Id. at 876.
Appellant cites numerous cases where this Court reversed an additur by the trial court, upon the basis that the jury verdict was not so inadequate as to evince bias, prejudice or passion. Biloxi Electric Co. v. Thorn, 264 So.2d 404 (Miss. 1972); Toyota Motor Co. v. Sanford, 375 So.2d 1036 (Miss. 1979); Mississippi State Highway Commission v. Antioch Baptist Church, 392 So.2d 512 (Miss. 1981). In Biloxi Electric Co. v. Thorn, this Court noted:
Generally, as in this case, the only evidence of corruption, passion, prejudice or bias on the part of the jury is an inference, if any, to be drawn from contrasting the amount of the verdict with the amount of damages. (citation omitted).
264 So.2d at 406. Also, in Toyota Motor Co. v. Sanford, this Court stated:
A jury verdict is not lightly to be set aside, and in no case is it permissible for a judge, merely because he feels that more or less should have been awarded, to substitute its judgment for that of the jury in actions in the circuit court, the verdict of the jury is not simply advisory.
375 So.2d at 1038-39. Finally, in Mississippi State Highway Commission v. Antioch Baptist Church, this Court said:
Awards fixed by jury determination are not merely advisory and will not under the general rule be set aside unless so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable and outrageous. (citations omitted)
392 So.2d at 514.
The city of Jackson contends that there is no evidence to indicate that the jury's verdict was the product of passion, prejudice, partiality, or other improper influences. The award of $4,582, in appellant's view, is not against the overwhelming weight of the evidence and the jury fairly evaluated appellee's claim. The notes accompanying the jury verdict, Ainsworth points out, clearly fail to reflect the uncontested credible evidence offered by Ainsworth himself, his wife, and the treating physician, that he suffered considerable pain and suffering during and after the injury, and would have gradually increasing permanent impairment of his left ankle with worsening post-traumatic arthritis. It was also undisputed that Ainsworth's present 15% permanent impairment prevented normal activities such as running, climbing a ladder and ascending or descending inclines. The calculations accompanying the jury verdict, as Ainsworth accurately notes, contain no amounts for either pain and suffering or permanent impairment.
Unlike Biloxi Electric Co. v. Thorn, cited by appellant, there is more evidence than a mere disparity between the verdict and the amount of damages, upon which to base an order of additur; there is the clear failure of the jury to take into account properly compensable elements of damages supported by uncontradicted credible evidence, as shown in the calculations accompanying the jury verdict. The trial judge in this case would not appear to be merely substituting his estimate of the damages for that of the jury, as condemned in Toyota Motor Co. v. Sanford; his order of *329 additur compensated Ainsworth for elements of damages which were established by the overwhelming weight of the evidence in the case, which the jury inexplicably failed to credit. Finally, the jury's failure to compensate Ainsworth for the intense pain and continuing discomfort and impairment which he suffered would appear to be so unreasonable as, in the words of State Highway Commission v. Antioch Baptist Church, "to strike mankind at first blush as being beyond all measure, unreasonable, and outrageous," so that an award of additur would be appropriate.
The trial court did not abuse its discretion in ordering an additur to compensate Ainsworth for the pain and suffering and permanent impairment sustained by this man in the prime of life. The jury having found Ainsworth to be entitled to compensation for medical expenses and lost wages, it would appear that damages should likewise be awarded for the more intangible but no less real pain and impairment that he suffered. Nothing in the record would appear to suggest that these uncompensated injuries were fabricated or false, so that a jury determination that no compensation was due Ainsworth for the elements of pain and permanent impairment would appear to be against the overwhelming weight of the credible evidence.

II.
Appellant contends that the trial judge erred in allowing the jury to return its verdict in a form substantially different from the court's instructions. The jury instructions directed the jury, if it found for the plaintiff, to return its verdict as follows:
We the jury find for the plaintiff and assess his damages at $ ____.
The jury verdict in the case at bar used this very language, but also contained below the calculations of damages based on a comparative negligence instruction.
It should initially be noted that the record reflects no objection by appellant to the form of the verdict at the time it was returned in open court. Also, appellant cites no authority in either of his briefs to support his position that this constitutes reversible error.
Appellee cites § 11-7-157 of Mississippi Code Annotated (1972), which states:
No special form of verdict is required, and where there has been a substantial compliance with the requirements of the law in rendering a verdict, a judgment shall not be arrested or reversed for mere want of form therein.
Appellee notes that the verdict was in the exact form suggested by the trial court for a verdict for the plaintiff and asserts that the only question is whether the calculations of the jury were mere surplusage or matters responsive to the issues in the case. Appellee notes that the finding of percentages of fault contained in the calculations were relevant to the issue of comparative negligence, which was submitted to the jury. In Boyd Construction Co. v. Bilbro, 210 So.2d 637 (Miss. 1968), the jury returned its verdict with a separate piece of paper stating: "We find the defendants 50% responsible for accident and death of Mrs. Lucille Bilbro, $92,500." We ruled that the inclusion of this finding did not per se establish the fact that the jury did not follow the law in determining damages. 210 So.2d at 642. We also stated that where a jury verdict is responsive to the issue but also contains findings which are not necessary for the determination of the issue involved, such additional findings may be disregarded as surplusage.
Appellee notes that appellant had no reason to complain of the form of the verdict when it was returned and that appellant's true reason for attacking the form of the verdict on appeal is that it clearly reveals the trial judge's basis for sustaining the additur, namely the failure to the jury to include in its damages calculations any amount for pain and suffering.
This Court has previously refused to reverse a case on an asserted error unsupported by any authority. Goodyear Yellow Pine Co. v. Lumpkin, 158 Miss. 578, 579, 130 So. 745 (1930); Bruce v. Brogan, *330 175 Miss. 208, 217, 166 So. 350 (1936); Gandy v. State, 373 So.2d 1042, 1047 (Miss. 1979).
The form of the jury verdict including the calculations contains findings responsive to some of the issues involved in the case, and is proper under Boyd Construction Co. v. Bilbro, supra. The failure of appellant to support his argument with any statute or case law authority also requires that his appeal be rejected on this point.
The trial court's judgment of additur is affirmed as a reasonable exercise of discretion in response to an inadequate damages award. The inclusion of the calculations of damages in the jury verdict is not reversible error because it responds to the issue of comparative negligence.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.