ISHEE, J.,
for the Court:
¶ 1. This appeal arises from a judgment of the Circuit Court of DeSoto County, Mississippi, which granted a motion for a new trial on the issue of damages. The action arose from a motor-vehicle accident in which Dallas McCrary rear-ended Marti Bridges. McCrary brings three issues for our review: (1) whether the circuit court’s order granting the motion for a new trial on the issue of damages is analogous to a final judgment as a matter of law and is directly appealable; (2) whether the evidence presented at trial was sufficient to support the jury verdict; and (8) whether the jury’s assessment of zero dollars in damages was responsive to the evidence. We find the order granting a new trial on the issue of damages is not a final judgment subject to appellate review. Therefore, we dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
¶ 2. On November 6, 2007, while Bridges’s vehicle was stopped, McCrary’s vehicle collided with the rear end of Bridges’s vehicle. Bridges’s vehicle sustained minor damage. At the scene of the accident, both parties agreed that they were not injured. On July 15, 2009, Bridges filed a complaint in the circuit court. She alleged that she suffered injuries to her neck and back as a result of the accident. While McCrary admitted he was negligent in causing the accident, he denied his negligence was the proximate cause of Bridges’s injuries.
¶ 3. On April 11, 2012, a jury trial began. McCrary’s defense centered around Bridges’s significant history of neck and back problems. He also noted Bridges’s failure to provide her history of neck and back problems to any of the physicians she saw after the accident. Although Bridges’s previous neck and back issues were presented at trial, there was no other evidence to suggest the accident did not cause or aggravate Bridges’s injuries.
*175 114. Because McCrary did not dispute that his negligence caused the accident, at the close of the trial, the trial judge instructed the jury to determine Bridges’s reasonable damages based on the evidence presented. The jury returned a verdict in favor of Bridges due to McCrary’s admission of negligence, but assessed zero dollars in damages. On May 17, 2011, Bridges filed a motion for a new trial on the issue of damages. The trial court granted the motion, finding the jury’s verdict of zero dollars in damages was against the overwhelming weight of the evidence. On July 22, 2011, McCrary filed a motion to reconsider granting a new trial, which was denied. McCrary now appeals.
DISCUSSION
¶ 5. In Mississippi, it is well established that appellate courts will “respect and follow the holding of the trial judge with reference to his order in granting a new trial since such an order is not a final disposition of the case.” Standard Prods., Inc. v. Patterson, 317 So.2d 376, 379 (Miss.1975) (citing Dendy v. City of Pascagoula, 193 So.2d 559, 562 (Miss.1967)). This is particularly true “where a new trial has been granted, since the rights of the parties are not finally settled at this point.” Dendy, 193 So.2d at 564. Accordingly, “[this Court] will not disturb such action unless it is a manifest abuse of discretion.” Id.
¶ 6. When granting a motion for a new trial, the trial judge must follow the general rule that the motion should be granted where “the verdict is against the substantial or overwhelming weight of the evidence.” White v. Yellow Freight Sys., Inc., 905 So.2d 506, 510 (¶ 7) (Miss.2004). The Mississippi Supreme Court has stated: “[W]here it is evident that the trial judge failed to follow the general rule in the light of the testimony, [appellate courts] will not hesitate to set aside the order improvidently granted and to reinstate the verdict of the jury.” Standard Prods., 317 So.2d at 379.
¶ 7. In the instant case, in granting the motion for a new trial, the trial judge reasoned that all of the evidence regarding Bridges’s failure to provide a complete history of her preexisting medical conditions to her treating physicians went to the weight and credibility surrounding her disability and not the initial treatment by medical providers. Accordingly, the trial judge held the jury’s verdict was not responsive to the proof or the instructions given and, thus, was against the overwhelming weight of the evidence. Therefore, it appears the trial judge followed the general rule such that we may not set aside the order.
¶ 8. The trial judge found, and we agree, that Knight v. Brooks, 881 So.2d 294 (Miss.Ct.App.2004), is on point in this case. In Knight, the parties were involved in a motor-vehicle accident in which the appel-lee rear-ended the appellant, causing damage to both the vehicle and the driver. Id. at 295 (¶ 2). After evidence was presented, the jury found for the appellant, but assessed his damages at zero dollars. Id. at 296 (¶ 8). This Court found that an award of zero dollars in damages should be considered an award of no damages, rather than inadequate damages. Id. at 297 (¶ 12). Accordingly, in situations where no damages are awarded and a trial judge finds such an award to be improper, the grant of a motion for a new trial is the proper remedy rather than an additur.
¶ 9. Because the trial judge’s decision does not fall within the parameters of an exception to the general rule, the granting of a new trial is not a final, appealable judgment. Accordingly, this appeal is dismissed.
*176 ¶ 10. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P JJ., BARNES, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. CARLTON, J„ DISSENTS WITHOUT SEPARATE WRITTEN OPINION.