GILLESPIE, Presiding Justice:
’B. F. Tullier, plaintiff below and appellant here, sued J. C. Cochran and his employer, Capitol Construction Company, Inc., hereinafter sometimes called Capitol, for personal injuries arising out of a collision between a truck driven by Cochran and a station wagon driven by plaintiff. After both parties rested, the court granted Capitol a peremptory instruction and dismissed the suit as to that defendant. The jury was peremptorily instructed to find for plaintiff against defendant Cochran. Accordingly, the jury returned a verdict *881 for plaintiff against Cochran in the sum of $10,000. Tullier appeals to this Court and assigns as error the granting of a peremptory instruction to Capitol.
Plaintiff alleged, and defendants denied, that at the time and place of the accident in question Cochran was acting within the scope of his employment. All parties agreed that Cochran was an employee of Capitol. The trial court granted Capitol a peremptory instruction on the ground that there was no evidence beyond a scintilla that Cochran was acting for his employer at the time and place of the accident. The sole question for our decision is whether the evidence justified submitting to the jury the question as to whether Cochran’s negligence was imputable to Capitol under the doctrine of respondeat superior. We hold that this issue should have been submitted to the jury.
The accident occurred on U. S. Highway 90 on the bridge across Back Bay which connects Ocean Springs and Biloxi. Plaintiff was driving his station wagon toward Ocean Springs, and stopped in obedience to red lights, the ringing of bells, and the lowering of the drawbridge arm. Shortly after plaintiff stopped, defendant Cochran drove his pickup truck into the rear of plaintiff’s station wagon, causing personal injuries to plaintiff.
J. C. Cochran has been an employee of Capitol Construction Company since 1945. Capitol operated under the name of Burkett Sheet Metal Works, and at the time of the accident involved in this case Burkett Sheet Metal Works was engaged in constructing a roof on the Ocean Springs School. Cochran was foreman of this roofing job and in connection with his duties for Capitol used his own pickup truck, for which his employer paid him eight cents a mile. As a rule, Cochran was on duty from 7:00 a. m. until 3:30 p. m. He went to lunch when it suited him and usually took about thirty minutes. He ate lunch at no particular place. On the day of the accident he had been on duty until about 1:00 p. m., at which time he left the job in his truck and drove to Biloxi, a distance of about six miles, crossing the U. S. Highway 90 bridge which connects Ocean Springs and Biloxi. His purpose in going to Biloxi was to purchase a drum of kerosene for his employer, for use in installing the roof on the school job. He also intended to eat lunch. When he arrived in Biloxi, Cochran went to a cafe located a few blocks from Monroe Oil Company, where the kerosene was to be purchased. While eating lunch, Cochran met a waitress with whom he was acquainted, and she asked him to take her to Ocean Springs. Cochran and the waitress started toward Ocean Springs over the bridge already mentioned. The accident occurred about 1:30 p. m. while he was driving back to Ocean Springs with the lady as a passenger. The only direct way to travel from Ocean Springs to Biloxi and return is by way of the bridge on which the accident occurred. All of the foregoing is according to the testimony of defendant Cochran, who was called by plaintiff as an adverse witness.
The plaintiff testified that he talked to defendant Cochran at the scene of the accident a short time after it occurred and that Cochran stated as follows: “He said he was working for a Company who was putting a roof on a new school in Ocean Springs, and was in a hurry to get back and check out and see if the men had finished their work.” Cochran denied making this statement to plaintiff.
Highway Patrolman Campbell testified that he investigated the accident and. that Cochran told him he was working on a school job in Ocean Springs and was on the way back to the school job when the collision occurred. Cochran denied making this statement to Campbell.
Cochran testified that he did not buy the kerosene while in Biloxi, that he was taking the waitress to Ocean Springs at the time of the collision, and that he intended to return to Biloxi to get the kerosene after he had taken the lady home. He stated *882 that he was not engaged m any business for his employer at the time the accident occurred. He also said he was not paid mileage by his employer for the trip to Biloxi on the occasion in question.
We view the evidence in the light most favorable to plaintiff and accept as true all the evidence proving or tending to prove that Cochran was within the scope of his employment at the time of the collision. The plaintiff must also be given the benefit of all permissible inferences that could be drawn from the testimony.
Cochran went to Biloxi on a mission for his employer, who paid him mileage when he used his truck on the business of the employer. The burden was on the employer to prove that Cochran abandoned the duties of his employment and went about some purpose exclusively his own, which purpose was not incidental to his employment. Where the testimony leaves this question in doubt, the issue must be submitted to the jury. Colotta v. Phillips, 226 Miss. 870, 85 So.2d 574 (1956). The jury had a right to reject Cochran’s testimony as to where he was going at the time of the collision, since he was impeached in several respects by the testimony of two witnesses. Defendants did not offer the lady passenger as a witness. Therefore, for the purpose of determining whether the peremptory instruction should have been given, we must reject Cochran’s testimony. This leaves no proof that he had abandoned the duties of his employment. The jury could reject part and believe part of Cochran’s testimony. Colotta v. Phillips, supra.
Cochran’s trip to Biloxi was made for his employer for a specific purpose, to purchase kerosene. If Cochran was on his way back to the job at the time of the collision, he was within the scope of his duties, without regard to whether he had purchased the kerosene. The question whether there was such a deviation so that Cochran was on an independent journey of his own was a question of fact. The jury should decide this issue, and, in so doing, determine whether Cochran’s testimony that he had deviated was true.
International Shoe Company v. Harrison, 217 Miss. 152, 63 So.2d 837 (1953) is not in point on these facts. In that case the employee spent two and one-half hours for the purpose of seeing a show, during which time he performed no duty for his employer. The only duty which he could have performed for his employer was to go to the post office to mail his orders to the home office, and he forgot to do that. We think that case is not helpful.
For the reasons stated we hold that it was error to grant Cochran’s employer a peremptory instruction. The case is reversed and remanded.
Reversed and remanded.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.