GILLESPIE, Presiding Justice.
Mrs. Opal Watkins sued Riverside Industries of Philadelphia, a corporation, and its employee, Nunn, for personal injuries sustained by plaintiff when an automobile in which she was a passenger collided with a truck driven by Nunn and owned by Riverside. The jury returned a verdict for plaintiff against Nunn and Riverside, and judgment was entered accordingly. Riverside appealed.
The single question involved here is whether Riverside is liable under the doctrine of respondeat superior. Riverside loaned its truck to Nunn for an entirely personal use by Nunn in which Riverside had no interest. The truck was being thus used by Nunn at the time of the accident. We hold that Riverside is not liable and reverse the judgment and enter judgment here for Riverside.
Nunn has been an employee of Riverside for many years. Several months before the accident in question Nunn bought a calf and was given permission to keep the calf in a lot on the premises of Riverside. On Saturday before plaintiff was injured Nunn was given permission to haul the calf to his home in a pickup truck belonging to Riverside. Nunn was granted permission to leave work earlier than usual so that he could butcher the calf and place it in his freezer. Before leaving work Nunn asked the manager of Riverside about returning the truck and was told to park it in Nunn’s yard over the weekend and return it Monday morning.
Nunn punched the time clock earlier than usual on Saturday, and his pay stopped. He used the truck for the purpose of hauling the calf to his home. The next day, Sunday, Nunn drove the truck for the purpose of going to a neighbor’s house to bring his wife home. While on this errand he collided with the vehicle in which plaintiff was riding.
The testimony is undisputed that Nunn was instructed by Riverside’s manager not to drive the truck on Sunday and to return it on Monday. Several witnesses testified that following the accident Nunn stated that he was on the way to Riverside’s place of business to return the truck. This was denied by Nunn. The business operated by Riverside was closed on Sunday, and no one would have been there to receive the truck had it been returned. Riverside contends that this extrajudicial statement attributed to Nunn that he was on his way to return the truck at the time of the accident was inadmissible to prove agency. We do not determine the admissibility of this extrajudicial statement, since Nunn would not have been within the scope of his employment if he was in fact returning the truck.
When an automobile or truck is involved in an accident while being driven by the owner’s regular driver-employee, it is presumed that the driver is at the time engaged in the scope of his employment. The burden of rebutting this presumption, thereby avoiding liability for the driver’s negligence, is upon the employer. This can be done by showing a deviation so substantial as to amount to an entire departure from the employer’s business for purposes entirely personal to the servant. Tullier v. Capitol Constr. Co., 190 So.2d 880 (Miss.1966) ; Colotta v. Phillips, 226 Miss. 870, 85 So.2d 574 (1956). On the other hand, where an employer merely loans a vehicle to an employee and the employee uses it for his personal business or pleasure in which the employer has no interest, the employer is not liable for the negligent acts of the employee while thus using the borrowed vehicle. Lovett Motor Co. v. Walley, 217 Miss. 384, 64 So.2d 370 (1953); Brown v. Bond, 190 Miss. 774, 1 So.2d 794 (1941).
Nunn was one of several employees who drove the pickup truck from time to time making deliveries for Riverside. This is not a case where the employee while driving the truck on business for his employer, deviated from his cm- *846 ployer’s service. In the present case Nunn was not within the scope of his employer’s business after he left Riverside’s place of business on Saturday afternoon to haul the calf to his home. He would not have been on his employer’s business if he had been returning the truck when the accident occurred, because the employer had no interest whatever in the activity for which the truck was being used.
The peremptory instruction should have been given on behalf of Riverside. The judgment is reversed and judgment entered here for Riverside.
Reversed and rendered.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.