INZER, Justice.
This is an appeal by Capitol Construction Company, Inc., d/b/a Burkett Sheet Metal Works and J. C. Cochran from a judgment of the Circuit Court of Harrison County awarding appellee, B. F. Tullier, $20,000 as damages for personal injuries resulting from an automobile collision.
This is the second appearance of this case before this Court and the essential facts are set out in our former opinion reported in 190 So.2d 880 (Miss. 1966), wherein we reversed the judgment of the trial court and remanded the cause for a new trial. The suit grew out of an automobile collision which occurred on U.S. Highway 90 on Back Bay Bridge between Ocean Springs and Biloxi. Appellee was driving his station wagon toward Ocean Springs and stopped in obedience to red lights, ringing bells and the lowering of the drawbridge arm. Shortly after appellee stopped appellant Cochran drove his pickup truck into the rear of appellee’s vehicle. As a result of the collision, appellee suffered a broken rib, a bruised knee and a whiplash injury.
After remand to the Circuit Court of Harrison County, appellant, Cochran, filed a motion requesting that he be allowed to amend his answer to set up that a judgment of $10,000 was rendered against him on a former trial, and that $5,000 was available to the appellee in response to that judgment and that this should be considered as a full satisfaction of his liability. The trial judge overruled this motion. It was held that there was no judgment against Cochran since the former judgment had been reversed. Both Cochran and Capitol assign as error this ruling of the trial judge. It is their contention that although the appeal bond executed by Tullier in the former appeal was payable to both the defendants and both defendants entered their appearance in the court, the mandate of this Court in reversing the former judgment only affected Capitol and left outstanding the judgment against Cochran for $10,000. It is their contention that this fixed the limit of the liability of both Cochran and Capitol since Capitol’s liability is as respondeat superior and it cannot be held liable for more than the $10,000 judgment against its employee. We find no merit in this assignment of error. There was only one judgment rendered in the former trial. It recited that the jury had been instructed to find for Capitol and the suit was dismissed as to it. The judgment further recited that the Court had instructed the jury to find for Tullier against Cochran and that in response to this instruction the jury had assessed damages in the amount of $10,000. Judgment was rendered for this amount. This is the judgment that was appealed from. Tullier did not confine his appeal to that part of the judgment which released Capitol, but appealed from the entire judgment. Both defendants were before this Court and although no assignment of error was made as to that part of the judgment which awarded Tullier a judgment against Cochran, we found that it was error for the trial court to grant a peremptory instruction in favor of Capitol and for this reason, reversed the case. Our mandate reversed and remanded the entire judg *656 ment. No motion was made to correct the judgment of this court. The trial court had no choice other than to try the case as to all parties since there was no judgment left in existence in favor of Tullier against Cochran. It had been reversed. Furthermore, Tullier had a right to have the jury pass on all issues against all defendants at the same time. Therefore, the trial court correctly held that the judgment had been reversed and the case would have to be tried again on all issues.
Appellant, Capitol, again urges that it was entitled to a peremptory instruction. This contention is based upon the premise that the testimony introduced to contradict Cochran, who testified that he was not in the scope of employment at the time of the accident, was incompetent. We think this issue is settled by our former opinion wherein we stated:
Cochran went to Biloxi on a mission for his employer, who paid him mileage when he used his truck on the business of the employer. The burden was on the employer to prove that Cochran abandoned the duties of his employment and went about some purpose exclusively his own, which purpose was not incidental to his employment. Where the testimony leaves this question in doubt, the issue must be submitted to the jury. Colotta v. Phillips, 226 Miss. 870, 85 So.2d 574 (1956). The jury had a right to reject Cochran’s testimony as to where he was going at the time of the collision, since he was impeached in several respects by the testimony of two witnesses. Defendants did not offer the lady passenger as a witness. Therefore, for the purpose of determining whether the peremptory instruction should have been given, we must reject Cochran’s testimony. This leaves no proof that he had abandoned the duties of his employment. The jury could reject part and believe part of Cochran’s testimony. Colotta v. Phillips, supra.
Cochran’s trip to Biloxi was made for his employer for a specific purpose, to purchase kerosene. If Cochran was on his way back to the job at the time of the collision, he was within the scope of his duties, without regard to whether he had purchased the kerosene. The question whether there was such a deviation so that Cochran was on an independent journey of his own was a question of fact. The jury should decide this issue, and, in so doing, determine whether Cochran’s testimony that he had deviated was true. 190 So.2d at 882.
The burden of proof was upon Capitol to show that Cochran was not in the scope of his employment at the time he drove his vehicle into the rear of appel-lee’s station wagon. Capitol attempted to prove this by Cochran, but as it was pointed out, he had made statements that were contradictory to his testimony given at the trial. This testimony was competent and it was proper for the jury to consider it in passing on the credibility and weight of Cochran’s testimony. The jury found that Cochran was in the scope of his employment at the time of the accident. The finding of the jury was justified under the facts and circumstances of this case and is not against the overwhelming weight of the testimony.
The only other assignment of error that merits discussion is that the verdict of the jury is so large as to evidence bias, passion and prejudice on the part of the jury. The proof relative to appellee’s injuries shows that he was 56 years of age at the time of the trial. He was 5 feet 7 inches tall and.weighed 242 pounds. As a result of the accident he suffered a broken rib, a whiplash injury and a bruised knee from which thrombophlebitis developed. He was treated for his injuries by Dr. Richard T. Furr, a general practitioner, who saw him a total of seven times and the total charges for his services was $35. Appellee worked as an agent for Metropolitan Life Insurance Company and had been so employed by this company for over twenty years. His earnings are derived primarily from *657 selling life insurance and servicing existing policies. He testified that for two weeks after the injury he was unable to make any calls on prospective clients, then for two more weeks he could only make calls during the day, but not at night as he had been accustomed to doing prior to his injury. He said that during the years 1965 and 1966 his earnings were less than they were in 1964 because of his injuries. He estimated that he had suffered a loss in earnings of approximately $2,600 during these two years. He said at times he still suffered pain from his neck injury and that his knee swells at times causing him to have to stop his work. Dr. Furr testified that the neck injury was a sprain which in his opinion aggravated an existing osteo-arthritis condition, and which would continue to cause appellee pain from time to time. He testified that the injury to his knee would swell and cause him trouble and that the injuries did not cause appellee continuous discomfort but in his opinion would cause him some trouble from time to time in the future. Appellants point out that the jury in the former trial considered practically the same evidence and awarded damages in the amount of only one-half of the verdict in this case, and on the former appeal appel-lee did not make any contention that the verdict was inadequate. We have said in many cases the fixing pf damages in a personal injury case is primarily the function of the jury, and the action of the trial judge in passing on a motion for a new trial because of excessiveness or inadequacy of the verdict will be favorably considered on appeal and not disturbed unless manifest error appears. After considering the evidence in this case in the light of this rule, we are of the opinion that the trial judge was manifestly in error in refusing to grant a new trial on the question of damages. We find that the award of $20,000 is so large that it evidences bias, passion and prejudice on the part of the jury. Therefore, for this reason, we affirm as to liability and reverse and remand for a new trial on the question of damages unless appellee will within 15 days after final judgment in this Court enter a remittitur of $5,000. In the event a remittitur is entered judgment will be rendered here in favor of appellee for $15,000 against appellants.
Affirmed as to liability, reversed and remanded for a new trial on question of damages unless specified remittitur is entered.
ETHRIDGE, C. J., and RODGERS, JONES, and BRADY, JJ., concur.