GILLESPIE, Chief Justice:
Mrs. Delia Daniels, plaintiff, sued William F. Soder and his wife, Mrs. Oma W. Soder, d/'b/a Pedigo Construction Company, for personal injuries. Plaintiff was injured in a collision between a vehicle wherein she was a guest passenger and a pickup truck owned by Mrs. Soder and driven by Mr. Soder. After the parties rested, the trial judge peremptorily instructed the jury to find for Mrs. Soder and against Mr. Soder. The Circuit Court of Washington County entered judgment for plaintiff against Mr. Soder on a jury verdict of $23,141.40.
Plaintiff appealed and assigns as error the giving of the peremptory instruction in favor of Mrs. Soder. Mr. Soder cross-appealed on the ground the verdict was so excessive as to evince bias, passion, and prejudice on the part of the jury. We reverse and remand for a jury trial as against Mrs. Soder and affirm on cross-appeal-concerning the amount of damages.
The sole question on direct appeal is whether the evidence on behalf of plaintiff made a jury issue as to whether Mr. Soder was acting within the scope of his employment for Mrs. Soder at the time of the collision. Mr. Soder was employed by his wife who operated, as owner, the Pedigo Construction Company. His duties included operating a bulldozer and clearing land for the Pedigo Construction Company as well as assisting in the operation of Mrs. Soder’s farm. On the day of the collision involved in this case, Mr. Soder drove to *851 Lake Lee in his personal pickup truck to go fishing. Finding it too cold to fish, he then drove to his wife’s farm. Two cotton pickers were operating. Several witnesses testified that Mr. Soder told them that he had gone to the farm to check on the cotton pickers. One of the farm employees told Mr. Soder that a pickup owned by Mrs Soder and used in the Pedigo Construction Company operation was about out of gas. Mr. Soder then drove the pickup belonging to his wife from the farm toward Wayside to get gas for the truck, and had driven about three miles when he collided with the vehicle in which the plaintiff was a guest. Mr. Soder testified that he was going to get gas on the way to Lake Lee to find out whether it had warmed up enough for fishing; however, he did not take his fishing equipment.
Under the authority of Tullier v. Capitol Construction Company, 190 So.2d 880 (Miss.1966), and Capitol Construction Company v. Tullier, 210 So.2d 654 (Miss. 1968); we hold that it was a jury question whether Mr. Soder was acting within the scope of his duties as an employee of Mrs. Soder when the collision took place.
On cross-appeal, Mr. Soder raises the question whether the award of damages was excessive. Plaintiff was 75 years old at the time of the accident. She sustained a fracture of the tibia plateau and on into the knee joint. She was hospitalized and remained in a long-leg cyclinder type cast for more than two months. After leaving the hospital she was confined to bed for three weeks, after which she began using a wheelchair, then a brace, and later a walker. At the time of trial, some eighteen months after the accident, she was wearing a leg brace which she would take off only while resting or sleeping. She still suffered from the injury and was confined to the house and was unable to do her housework. Her medical expenses amounted to $3,141.40. Plaintiff’s physician testified that she would have a serviceable leg considering her age with the application of a leg brace. At a later date, she would be reevaluated to determine whether she would wear a brace to prevent refracture. We are unable to say that the award was so excessive as to demonstrate that the jury did not respond to reason, or that the evidence did not justify the amount rendered by the jury. Mississippi Winn-Dixie Supermarkets v. Hughes, 247 Miss. 575, 156 So.2d 734 (1963).
On direct appeal the case is reversed and remanded for a jury trial as to Mrs. Soder. On cross-appeal the judgment against Mr. Soder is affirmed.
Reversed and remanded on direct appeal; affirmed on cross-appeal.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.