Thomas O. Bonner, Jr. and Thomas O. Bonner, Sr. filed separate suits in the Circuit Court of the Second Judicial District of Jasper County, Honorable L.D. Pittman, presiding, against Sanderson Farms, Inc. and Frank Wade, seeking damages for personal injuries and property resulting from an automobile collision. The cases were consolidated for trial and the jury returned a verdict in the sum of $650,000 in favor of Thomas O. Bonner, Sr., being the full amount sued for, and $2000 in favor of Thomas O. Bonner, Jr. The lower court ordered a remittitur of $400,000 in the Thomas O. Bonner, Sr. case, which was accepted, and entered judgment for him in the sum of $250,000 and reformed the verdict for Thomas O. Bonner, Jr. in the amount of $1,982.15 and entered judgment therefor. At the conclusion of the plaintiffs' cases, the lower court directed a verdict in favor of Sanderson Farms, Inc. and discharged that party. Frank Wade has appealed, assigning seven errors in the trial below, and Thomas O. Bonner, Sr. has cross-appealed as to the remittitur.
We consider (1) whether or not the lower court erred in refusing a peremptory instruction for the appellant and (2) whether or not the judgment entered is excessive.
Frank Wade was employed by Sanderson Farms, Inc. to assemble, transport and supervise workers employed in catching, loading and transporting chickens from various poultry farms to the Sanderson plant for processing. This operation took place during the nighttime. Wade used a carryall van made available to him by Sanderson for the exclusive purpose of transporting the crew to and from the farms and poultry plant. He was given specific instructions to use the vehicle for no other purpose.
Wade completed his usual work on the night of March 2, 1978, drove the van home and went to sleep. He awakened about 11:00 a.m. on March 3, 1978, drove the van into town, bought a fifth of whiskey and met one Eugene Yates at a cafe around 3:30 in the afternoon. They completed drinking the bottle of whiskey, left the establishment, and bought another fifth of whiskey on the way to Wade's home. After they had eaten, Wade's neighbor, Willie Millsaps, asked Wade to drive him to his disabled car, parked about seven miles away. Thereupon, Wade, Yates and Millsaps left together in the Sanderson van and Wade let Millsaps out near the disabled automobile.
Late in the afternoon of the same day, the Bonners, both owning pickup trucks, had driven them to the home of a Mrs. McGill to deliver a refrigerator which she had purchased from them. They drove north on the Paulding-Heidelberg Road, a two-lane blacktop highway, which runs generally north and south. As they approached the McGill driveway, Bonner, Jr. parked his truck on the shoulder of the road just south of same, and turned on the emergency flashing lights. He then got into the back of his father's truck and held the refrigerator steady as Bonner, Sr. backed the truck up the driveway into the yard of Mrs. *Page 1335 
McGill. They unloaded the refrigerator, plugged it in, and proceeded to leave in the Bonner, Sr. pickup truck. Bonner, Sr. drove to the end of the McGill driveway, stopped, looked both ways for oncoming traffic and, seeing none approaching, he drove onto the highway into the southbound lane and proceeded south to a point opposite the Bonner, Jr. truck. He stopped the vehicle briefly and Bonner, Jr. got out of the truck onto the shoulder of the highway.
At about this time, Wade, driving the Sanderson van in a southerly direction in the southbound lane of the Paulding-Heidelberg Road, came over a hill north of the McGill driveway and the Bonner pickup trucks. From this point forward the evidence is in sharp conflict as to how the accident occurred. The Bonners' evidence is to the effect that Bonner, Sr. had started driving his pickup truck south and had proceeded eighty-five feet from the Bonner, Jr. truck when the van came over the hill at a rapid rate of speed (one witness testified seventy miles per hour), struck the Bonner, Jr. vehicle on the east shoulder, glanced off it and struck the Bonner, Sr. truck which was moving south in the southbound lane, turning it over and pinning Bonner, Sr. thereunder.
Wade's evidence indicated that the van came over the hill at a reasonable rate of speed, the Bonner vehicles were blocking the highway, Wade attempted to go between the two vehicles and, since there was not enough room to execute the maneuver, he collided with both vehicles.
Under the conflicting evidence, a question was presented for the jury on liability, and, in considering the evidence in the light most favorable to the plaintiffs, disregarding any evidence on the part of defendant in conflict with that, together with the reasonable inferences drawn therefrom, we are of the opinion that the jury verdict is supported by the evidence on the question of liability. Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652
(Miss. 1975). Therefore, the lower court correctly refused the peremptory instruction requested by Wade.
Bonner, Sr. was seriously injured in the collision. He was pinned under his truck for a period of time, lying on his back in the ditch, with gasoline running into the ditch and over his shoulders and back. He was admitted to the hospital and after his release, had severe chest pains, sweating and nausea. Subsequently, Bonner, Sr. suffered a heart attack and a heart catheterization was performed on him, followed by coronary bypass surgery. Bonner, Sr. sustained considerable pain after the accident as a result of the heart attack and the surgery undertaken for that condition. He was fifty-seven years of age at the time of the accident and is now permanently incapacitated. He sustained medical bills in excess of $20,000, and loss of a yearly income from $10,000 to $12,000. The extent of his injuries and his physical condition were supported by medical evidence.
In our opinion, the final judgment for Bonner, Sr. in the sum of $250,000 is not excessive, nor do we think that the lower court abused its discretion in entering the remittitur of $400,000. Walton v. Scott, 365 So.2d 630 (Miss. 1978); Dorrisv. Carr, 330 So.2d 872 (Miss. 1976).
We have carefully examined the other assignments of error and are of the opinion that there is no merit in them. Therefore, the judgment of the lower court is affirmed on direct and cross-appeals.
AFFIRMED.
SMITH and SUGG, P. JJ., and WALKER, BROOM, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
PATTERSON, C.J., took no part. *Page 1336