WALKER, Presiding Justice,
for the Court:
This is an appeal from a garnishment proceeding brought by the judgment credi *956 tors, T. Bonner, Sr. and T. Bonner, Jr., in the Circuit Court of Jasper County to recover from the liability insurer, United States Fidelity & Guaranty Company, under the terms of an omnibus clause in an insurance policy covering a truck owned by Sanderson Farms and driven by their employee, Frank Wade.
In Wade v. Bonner, 409 So.2d 1333 (Miss.1982), this Court affirmed the lower court’s judgment awarding $250,000 to Bonner, Sr. and $1,982.15 to Bonner, Jr. for damages resulting from an automobile collision involving a van owned by Sanderson Farms, Inc. and driven by its employee, Frank Wade.
A suggestion of garnishment was filed by the Bonners against the United States Fidelity and Guaranty Company alleging the insurance company was indebted to them under its liability insurance policy covering the van Wade was driving when the Bonners were injured. A jury trial being waived, the lower court after hearing the evidence on the consolidation of the cases found that the use of the vehicle by Frank Wade at the time of the collision was foreseeable and constituted a minor deviation and thus was covered under the policy of insurance issued by United States Fidelity & Guaranty Company and that the Bon-ners were entitled to recover from the garnishee defendant as follows: Bonner, Sr. was entitled to $328,376.64 and Bonner, Jr. $2,603.48 plus all costs and interests.
Aggrieved with the lower court’s holding, the appellant has perfected an appeal to this Court assigning as error the ruling of the trial court finding the use of the vehicle constituted only a minor deviation from the permission granted and thus finding there was coverage under the policy of liability insurance written by United States Fidelity and Guaranty Company.
In support of its argument, the appellant cites to Employers Mutual Casualty Company v. Poe, 191 So.2d 541 (Miss.1966) as well as Travelers Indemnity Company v. Watkins, 209 So.2d 630 (Miss.1968).
In Poe this Court was called upon to determine whether or not the actual use by a bailee of an automobile covered by a policy of insurance must be made with the express permission of the bailor or the one primarily insured in order to come within the terms of an omnibus clause. We noted that three different rules had been adopted by those courts called upon to determine the effect of a deviation from the scope of permission as: (1) the stricter conversion rule; (2) the liberal rule; and (3) the moderate or minor deviation rule. Although not categorically adopting any of the three rules, we applied the moderate or minor deviation rule. The employee in Poe was granted permission to use the insured’s vehicle to travel to his home approximately two miles from the place of employment and to return the vehicle the following morning. The employee, however, had traveled a distance of some twenty miles at the time of the collision. We held his action constituted a violent deviation as: his unauthorized use of the vehicle was purely for his own interest; there was no proof that the employer knew he had utilized the car in the past for personal reasons; and there was no proof the insured had ever permitted him to utilize the cars indiscriminately for purely personal reasons.
In Watkins, however, this Court specifically adopted the minor deviation rule and found where the use made by an employee is within the time, geographic and purpose limitations of the permission it does not constitute a gross deviation even though it may have amounted to a deviation and protection is to be afforded under the omnibus clause. We stated:
We are of the opinion that the court should take into consideration the fact that vast numbers of automobiles are being driven on the streets and highways of this state by persons who are not the named insureds in the public liability policies covering these vehicles. The omnibus clause should be construed in the light of the manifest public policy of this state as indicated in the Motor Vehicle Safety Responsibility Act and in the later Uninsured Motor Vehicle Act, both of which clearly indicate the legislative poli *957 cy of protecting the public and providing insurance coverage where persons are insured on the highways of the state.
209 So.2d at 634.
In applying the ruling as found in Watkins to the present case, we look at the three factors with regard to permission being: (1) time; (2) place; and (3) use.
In the case sub judice, Wade, whose position with Sanderson Farms, Inc., required him to pick up “chicken catchers” in the evening hours Sunday through Thursday was allowed to keep a carry-all van in his possession 24 hours a day, 7 days a week. His work covered a five-county area and there was no time limit nor distance limitations as to when and where he would pick up the chicken catchers. It was normal for him to travel 100 to 125 miles per day in his work.
There was testimony to the effect that Wade had used the truck for a fishing trip during which the van was damaged by the owner of the property upon which he was trespassing. The testimony was conflicting as to whether he received a formal reprimand at that time. Harry Walters, who was a supervisor over the catching, testified that Wade did not have permission to use the van for his personal business. Walters also stated that he had heard of other employees using their vans for personal business and that he himself used his company vehicle for personal errands, however, he understood that he could be fired for such use. Jack Smith, also a supervisor of catching, testified that he had formally reprimanded Wade for using the company vehicle for a fishing trip. He also testified that he used his company vehicle for personal errands. Dwight Shumaker, former broiler manager, testified that he had informed Wade in the past not to use the van for personal business. He further testified that he would not object to someone stopping at a grocery store on the way home in a company vehicle to pick up some personal items nor would he object to someone using the van in an emergency situation and admitted using his own company vehicle for personal business.
The accident out of which this case arose occurred on a Friday evening at which time Wade was helping a friend of his whose own car was stuck in a ditch. The incident occurred approximately one mile from Wade’s home. Applying the three factors as noted in Watkins, we find that the van driven by Wade at the time of the collision constituted only a minor deviation from the permission granted by Sand-erson Farms: (1) TIME: Wade had permission to use the van 7 days a week, 24 hours a day; (2) PLACE: Wade had permission to use the van over an area constituting several counties; (3) USE: Although Wade did not have permission to use the van for the purpose of helping a friend get the friend’s vehicle out of a ditch, we are of the opinion that such use, within a short distance of Wade’s home, constituted no more than a minor deviation from Sanderson Farm’s instructions to Wade that he was not to use the van for personal use. The seriousness of an employee’s deviation is ordinarily a question of fact to be decided by the jury or trier of facts. Cf. Thomas v. Deviney Const. Co., 458 So.2d 694 (Miss.1984).
We are of the opinion that the circuit judge, sitting in the place of a jury by agreement, as the trier of the facts, properly found that Wade’s deviation from his employer’s instructions not to use the van for personal use constituted only a minor deviation and that the defendant and insurance company as garnishee, was liable for payment of the judgment rendered against Wade in favor of Tom 0. Bonner, Sr. and T.O. Bonner, Jr. under the omnibus clause of the insurance policy.
The judgment of the circuit court is therefore affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.