# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 1998-CA-01195-COA

**MELISSA BROADWAY AND JERRY BROADWAY**                    **APPELLANTS**

**v.**

**KELLEY BROTHERS CONTRACTORS, INC.**                         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/22/1998 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | CLARKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | RHETT R. RUSSELL |
| ATTORNEYS FOR APPELLEE: | J. STEPHEN WRIGHT |
| | DOUGLAS G. MERCIER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | SUMMARY JUDGMENT AWARDED IN FAVOR OF APPELLEE |
| DISPOSITION: | AFFIRMED - 06/08/1999 |
| MOTION FOR REHEARING FILED: | 6/18/99; denied 10/05/99 |
| CERTIORARI FILED: | 10/13/99; granted 01/06/2000 |
| MANDATE ISSUED: | |

BEFORE McMILLIN, C.J., IRVING, AND PAYNE, JJ.

PAYNE, J., FOR THE COURT:

## PROCEDURAL HISTORY

¶1. Litigation was initiated in the Circuit Court of Clarke County, Mississippi, as a result of an automobile collision. Kelley Brothers Contractors, Inc. filed a motion for summary judgment asserting that the individual driving the company's truck was not in the course and scope of employment at the time of the accident. The circuit court granted the motion.

¶2. Feeling aggrieved by the judgment of the circuit court, the Broadways appeal.

## FACTS

¶3. The accident which caused this litigation occurred on a county road in Clarke County. At the time of the accident, Morris Robinson was driving a company truck which belonged to Kelley Brothers, Inc. The accident took the life of Alex Broadway.

¶4. The accident occurred on a Sunday morning, at approximately 11:00 a.m. Robinson testified that he was on his way to church when the accident occurred and had thought about going to a job site in Toxey, Alabama after the church service.

## STANDARD OF REVIEW

¶5. We conduct a *de novo* review of the record to determine whether the trial court properly granted a motion for summary judgment. *Nationwide Mut. Ins. Co. v. Garriga*, 636 So. 2d 658, 661 (Miss. 1994); *Pace v. Financial Sec. Life*, 608 So. 2d 1135, 1138 (Miss. 1992); *Short v. Columbus Rubber & Gasket Co.*, 535 So. 2d 61, 63 (Miss. 1988). The *de novo* review includes looking at the evidentiary matters and viewing them in the light most favorable to the party against whom the motion has been made. *Nationwide Mut. Ins. Co*., 636 So. 2d at 661. The movant has the burden of proving that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Daniels v. GNB, Inc.*, 629 So. 2d 595, 599 (Miss. 1993). "Summary judgment is appropriate if the evidence before the Court--admissions in the pleadings, answers to interrogatories, depositions, affidavits, etc.-- shows there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law."*Rockwell v. Preferred Risk Mutual Ins. Co.*, 710 So. 2d 388, 389 (Miss. 1998) (citing *Newell v. Hinton*, 556 So. 2d 1037, 1041 (Miss. 1990)).

## ISSUE PRESENTED

**I. WHETHER OR NOT THE LOWER COURT ERRED IN ITS FINDING THAT MORRIS ROBINSON, APPELLEE, WAS NOT ACTING WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT WITH KELLEY BROTHERS CONTRACTORS, INC., APPELLEE, AS OF THE TIME OF THE VEHICULAR COLLISION IN QUESTION.**

**II. WHETHER OR NOT THE LOWER COURT ERRED IN FINDING THAT NO GENUINE ISSUE OF MATERIAL FACT EXISTS IN THIS CAUSE.**

**III. WHETHER OR NOT THE LOWER COURT ERRED IN SUSTAINING THE MOTION FOR SUMMARY JUDGMENT OF KELLEY BROTHERS CONTRACTORS, INC. AND IN REFUSING TO RECONSIDER AND SET ASIDE SUCH JUDGMENT.**

¶6. While several individual issues have been presented, the central issue is whether the summary judgment entered by the trial court was error. The Broadways insist that error has been committed. Kelley Brothers argues otherwise.

¶7. The Broadways believe that Morris Robinson was acting within the course and scope of employment when he collided with the car driven by Melissa Broadway. According to the Broadways, the ultimate purpose for Morris Robinson driving the company truck on Sunday was for Robinson to reach the job site in Alabama. As stated in their brief, "Such is uncontradicted as is the fact that the location of such church is in or immediately near a direct route between the residential home of Mr. Robinson and the city of Toxey, Alabama."

¶8. In ruling upon Kelley Brothers's motion for summary judgment, the trial court stated as follows:

There are three facts that are undisputed in this matter. One, that the accident occurred on a Sunday in October, 1996. Second, that the accident occurred at approximately 11:00 am. Third, that the defendant was on his way to church at the time of the accident.

¶9. Augmenting their argument, the Broadways state that under the guidelines of *Riverside v. Watkins,* 195 So. 2d 844, 845 (Miss. 1967):

When an automobile or truck is involved in an accident while being driven by the owner's regular driver-employee, it is presumed that the driver is at the time engaged in the scope of his employment. The burden of rebutting this presumption, thereby avoiding liability for the driver's negligence, is upon the employer. This can be done by showing a deviation so substantial as to amount to an entire departure from the employer's business for purposes entirely personal to the servant. *Tullier v. Capitol Constr. Co.*, 190 So.2d 880 (Miss.1966); *Colotta v. Phillips*, 226 Miss. 870, 85 So. 2d 574 (1956). On the other hand, where an employer merely loans a vehicle to an employee and the employee uses it for his personal business or pleasure in which the employer has no interest, the employer is not liable for the negligent acts of the employee while thus using the borrowed vehicle. *Lovett Motor Co. v. Walley*, 217 Miss. 384, 64 So. 2d 370 (1953); *Brown v. Bond*, 190 Miss. 774, 1 So. 2d 794 (1941).

¶10. Kelley Brothers argues that it should not be held vicariously liable for the conduct of someone not in the course and scope of employment. As stated by Kelley Brothers in its brief, "even if defendant Robinson intended to visit a job site after church, nevertheless at the moment of the accident he was in route to church worship, a personal pursuit, and as a matter of law was not acting in the course and scope of his employment."

¶11. As it stands today, we can not impose liability upon Kelley Brothers for the mere fact that one of its employees *had considered* inspecting a company work site after church service -- the church service clearly being a personal pursuit. From a review of the record, at best, we can say that Robinson was "thinking about going on over to Toxey, Alabama" to look at the job site after the worship service.

¶12. Having reviewed the record, we find the summary judgment motion was well taken by the trial judge.

¶13. **THE JUDGMENT OF THE CIRCUIT COURT OF CLARKE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANTS.**

**McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND THOMAS, JJ., CONCUR.**