**IN THE SUPREME COURT OF MISSISSIPPI**
**NO. 1998-CT-01195-SCT**

*MELISSA BROADWAY AND JERRY BROADWAY*

*v.*

*KELLEY BROTHERS CONTRACTORS, INC.*

**ON WRIT OF CERTIORARI**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/22/1998 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | CLARKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | RHETT R. RUSSELL |
| ATTORNEYS FOR APPELLEE: | J. STEPHEN WRIGHT |
| | DOUGLAS G. MERCIER |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 06/08/2000 |
| MOTION FOR REHEARING FILED: | 6/21/2000; denied 8/10/2000 |
| MANDATE ISSUED: | |

**EN BANC.**

**MILLS, JUSTICE, FOR THE COURT:**

¶1. Morris Robinson was employed by Kelley Brothers Contractors, Inc. (Kelley Brothers). His position entitled him to the use of a company truck. On Sunday morning, October 27, 1996, Robinson was driving his company truck to Elam Baptist Church, located in Clarke County. On the way, his company truck collided with a passenger vehicle driven by Melissa Broadway. Broadway's three-year old son, Alex, was killed. Broadway filed a wrongful-death action in the Clarke County Circuit Court against Kelley Brothers alleging vicarious liability on the part of the employer. This action was dismissed on motion for summary judgment. The Court of Appeals affirmed. *Broadway v. Kelley Bros. Contractors, Inc.,* No. 1998-CA-01195-COA (Miss. Ct. App. June 8, 1999). We grated certiorari, and we reverse and remand.

**DISCUSSION**

¶2. We have stated:

> This Court conducts a de novo standard of review when considering a lower court's grant of summary judgment. *Short v. Columbus Rubber & Gasket Co.*, 535 So.2d 61, 63 (Miss.1988). This entails reviewing all the evidentiary matters before it in the light most favorable to the party against whom the motion has been made. *Aetna Cas. & Sur. Co. v. Berry,* 669 So.2d 56, 70 (Miss.1996). If, in this view, the moving party is entitled to judgment as a matter of law, summary judgment should be affirmed; otherwise, it should be reversed. *Short v. Columbus Rubber & Gasket Co.,* 535 So.2d at 63.

*Levens v. Campbell*, 733 So.2d 753, 757 (Miss. 1999). With regard to an employer's vicarious liability for the acts of its employees, this Court has held

> When an automobile or truck is involved in an accident while being driven by the owner's regular driver-employee, it is presumed that the driver is at the time engaged in the scope of his employment. The burden of rebutting this presumption, thereby avoiding liability for the driver's negligence, is upon the employer. This can be done by showing a deviation so substantial as to amount to an entire departure from the employer's business for purposes entirely personal to the servant. *Tullier v. Capitol Constr. Co.,* 190 So.2d 880 (Miss.1966); *Colotta v. Phillips,* 226 Miss. 870, 85 So.2d 574 (1956). On the other hand, where an employer merely loans a vehicle to an employee and the employee uses it for his personal business or pleasure in which the employer has no interest, the employer is not liable for the negligent acts of the employee while thus using the borrowed vehicle. *Lovett Motor Co. v. Walley,* 217 Miss. 384, 64 So.2d 370 (1953); *Brown v. Bond,* 190 Miss. 774, 1 So.2d 794 (1941).

*Riverside Industries of Philadelphia v. Watkins,* 195 So.2d 844, 845 (Miss. 1967). We have also applied and cited with approval the general rule found at 35 Am. Jur., p.989.

> The test of the employer's liability for the act of an employee who departs from the employer's business for purposes of his own is whether he was engaged in his employer's business at the time of the accident, and not whether he purposed to resume it. The employee is, so long as he is engaged in affairs of his own or in pursuing some purpose unrelated to his master's business, acting as much outside the scope of his employment as he would be were his working day ended, or his task completed, and thus his employer is relieved from liability for the consequence of any tortious conduct committed by the employee during that period, however short it may be.

*Seedkem South, Inc. v. Lee*, 391 So.2d 990, 995 (Miss. 1980). In *Travelers Indem. Co. v. Watkins*, 209 So.2d 630, 634 (Miss. 1968), we applied the minor deviation rule and found where the use made by an employee is within the time, geographic and purpose limitations of the permission it does not constitute a gross deviation. *United States Fidelity & Guar. Co. v. Bonner*, 467 So.2d 955, 956-57 (Miss. 1985).

¶3. To negate vicarious liability, the burden is on the employer to prove that an employee has engaged in some purpose of his own in which the employer has no interest, and a jury must resolve the issue if the evidence leaves such a question in doubt. *See Pennebaker v. Parker,* 232 Miss. 725, 100 So.2d 363, 367 (1958).

¶4. The Court of Appeals affirmed after characterizing the evidence as follows:

> As it stands today, we can not impose liability upon Kelley Brothers for the mere fact that one of its employees had considered inspecting a company work site after church service -- the church service clearly being a personal pursuit. From a review of the record, at best, we can say that Robinson was "thinking about going on over to Toxey, Alabama" to look at the job site after the worship service.

The affidavits of the company president and the company dispatcher indicate that Robinson was not assigned to work at the Toxey, Alabama site on October 27. The record is unclear as to whether Robinson had the authority to go of his own volition. Robinson's affidavit indicates that he was not just "thinking" about going to the site but had, in fact, decided to go. Specifically, he states as follows in his affidavit:

On October 27, 1996, I decided to go to the Toxey, Alabama site that morning. My plan was to go to the job site, which was within the scope of my employment with Kelley Brothers. Because this day was Sunday, I intended to stop and go to church, which was on the way to the job site, before going on to Toxey.

¶5. Thus, his testimony is in substantial conflict with the evidence presented by the employer. Further, his statement differs considerably from the facts cited in the Court of Appeals opinion. This material factual dispute must be resolved by a jury, not the trial court or an appellate court. It is for a jury to decide whether Robinson had the authority to determine his own itinerary such that he was within the scope and course of his employment at the time of the accident.

¶6. For these reasons, we reverse the judgments of the Court of Appeals and the Clarke County Circuit Court, and we remand this case to the Clarke County Circuit Court for a trial.

¶7. **REVERSED AND REMANDED.**

**PRATHER, C.J., PITTMAN AND BANKS, P.JJ., McRAE AND WALLER, CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY COBB, J. DIAZ, J., NOT PARTICIPATING.**

**SMITH, JUSTICE, DISSENTING:**

¶8. In my view, the majority errs in concluding that there exist issues of material fact regarding the question of whether Robinson was acting within the course and scope of his employment at the time of the accident. Viewing all evidentiary matters in the light most favorable to Robinson, it remains clear that Kelley Brothers was entitled to judgment as a matter of law on this question. The trial court correctly granted Kelley Brothers' motion for summary judgment. Therefore, I respectfully dissent.

¶9. As the majority states, the applicable rule of law in this case places upon Kelley Brothers the burden of demonstrating that at the time of the accident, Robinson had abandoned the duties of his employment and had gone about some purpose of his own in which Kelley Brothers was not concerned and which was not incident to Robinson's employment. *See **Pennebaker v. Parker***, 232 Miss. 725, 732, 100 So. 2d 363, 366 (1958).

¶10. This Court has explained that where an employee deviates or departs from his work to accomplish some personal purpose not connected with the employer's business, the relation of master and servant is temporarily suspended so that the master is not liable for the acts of the employees during that time. ***Seedkem South, Inc. v. Lee***, 391 So. 2d 990, 995 (Miss. 1980) (citing ***International Shoe Co. v. Harrison***, 217 Miss. 152, 63 So. 2d 837 (1953)). This is true even though the employee intends to return to the employer's business after he has accomplished the purpose of his detour. ***Id.*** Thus, the test is not whether the employee intended to resume the business of the employer, but whether he was engaged in the employer's business at the time of the accident. ***Id.***

¶11. The question of whether the employee was acting within the scope of his employment is a question of law for the court if there is no conflict in the facts. ***Lovett Motor Co. v. Walley***, 217 Miss. 384, 390, 64 So. 2d 370, 372 (1953). Where the employee's deviation is marked and unusual, the court may determine, as a matter of law, that the servant was not on his master's business at all, but on his own. The majority

concludes that the jury must decide whether Robinson had authority to determine, of his own volition, whether to inspect the Toxey work site. This determination, while it may involve an issue of fact, is immaterial to the outcome of the question at hand. Even in *Seedkem South, Inc. v. Lee*, 391 So. 2d 990 (Miss. 1980), the employee was authorized to return to his home in Louisiana with his employer's truck. The deviation occurred when he visited a local pool hall and then, after resuming his course towards Louisiana, attempted to return to the pool hall for some aspirin. The question in *Seedkem*, as it is here, was whether the employee's personal pursuit was within the scope of his employment. In *Seedkem*, the drinking frolic was clearly a personal pursuit outside the scope of the employee's duties and unauthorized by the employer. Here, Robinson was undeniably on his way to church at the time of the accident. Even if Robinson was authorized to attend the Toxey work site, which the employer's affidavits clearly demonstrate that he was not, and actually intended to do so after the church service, at the time of the accident he was incontestably on his way to the church service. It certainly was not within the interest of Kelley Brothers that Robinson attend the service, nor was Robinson's attendance at the service connected in any way whatsoever with the business of Kelley Brothers. Here we have a complete turning aside from the master's service.

¶12. Our opinion in *International Shoe Co. v. Harrison*, 217 Miss. 152, 63 So. 2d 837 (1953), is instructive on this issue. In that case, the employee, Minchew, was a salesman for the shoe company. He was furnished an automobile for use by him while engaged in the performance of his duties. Minchew was staying overnight on the Gulf Coast, part of the territory assigned to him, when he decided to visit several night spots with the plaintiff, a female acquaintance. Minchew and the plaintiff were involved in a car accident. This Court held that the trial court erred in refusing to grant a peremptory instruction that Minchew was acting outside the scope of his employment. Minchew argued that he intended, when he got into the automobile, to drive to the post office in Gulfport and mail his orders to the company. The Court noted, however, that Minchew abandoned that intention for a time, and, during the time of that abandonment, the accident occurred. *Id.* at 161-62. The Court concluded that for his night of entertainment, Minchew had disengaged himself entirely from the business of his employer and was engaged in a mission purely personal to himself. *Id.* at 162.

¶13. In the case at hand, at the time of Robinson's action, Robinson was on his way to attend a church service. As did Minchew in *International Shoe*, Robinson, for a time, disengaged himself entirely from the business of Kelley Brothers and was engaged in a personal mission. This is true regardless of Robinson's intention to visit the Toxey work site later in the day. Robinson does not attempt to argue that his attendance at the church service in any way furthered his employer's business. Robinson's authorization to visit the Toxey work site might be a material issue had the accident occurred after Robinson left the church and was on his way to Toxey. His intentions to attend the Toxey site and his authorization to do so, however, are immaterial where, at the time of the accident, Robinson was en route from his home to the church.

¶14. Additionally, it should be noted that the majority erroneously relies upon *Travelers Indem. Co. v. Watkins*, 209 So. 2d 630 (Miss. 1968), and *United States Fidelity & Guar. Co. v. Bonner*, 467 So. 2d 955 (Miss. 1985), for the application of the "minor deviation rule" to the issue at hand. The question in those cases was whether a minor deviation by a permissive user of a motor vehicle will effect a limitation upon the permittee's insurance coverage - that is, whether an employee's use of a vehicle covered by an employer's insurance policy was permissive so as to bring an accident within the terms of the policy's omnibus clause. Though those cases involved employees and employers, the minor deviation rule applied

there was not applied to determine whether the employer was liable under a doctrine of respondeat superior for the actions of the employee. Though some cases involving the issue of respondeat superior do speak in terms of the degree of deviation effected by the actions of the employee in determining whether the employee acted within the scope of employment, *Travelers Indem.* and *USF&G* are not such cases. The cases cited by the majority have no particular bearing upon the question presented upon appeal.

¶15. In my view, the trial court was correct in granting summary judgment in favor of Kelley Brothers. Viewing the evidence before the trial court in the light most favorable to Robinson, there remain no material issues of fact which demand that they be answered by a jury. Therefore, I respectfully dissent.

**COBB, J., JOINS THIS OPINION.**